(85 South. 468)

**COOPER v. COOPER et al. (7 Div. 54.)**

(Supreme Court of Alabama. April 8, 1920.)

**1. Judges ⬅51(3) — Petition for recusation held properly overruled.**

Where plaintiff's petition for recusation of the trial judge did not set out facts sufficient to disqualify him either in law or in morals, for conducting the trial of the case, and where there was no proof offered to show any bias or prejudice against plaintiff, the petition was properly overruled.

**2. Pleading ⬅353—Complaint defective for irrelevance and prolixity of detail held properly stricken.**

Where complaint could not be interpreted in such a way as to permit an intelligent joinder in issue by defendants, and where it ran largely to irrelevance and prolixity of detail, and contained much that was argumentative and frivolous, the court did not abuse its discretion in striking it from the files.

**3. Pleading ⬅353—Not to be stricken except in extreme cases.**

The striking, of pleadings from the file is a severe remedy, and should not be resorted to except in extreme and palpable cases.

**4. Appeal and error ⬅919—Appellant presumed not to have been denied right to be heard on motion.**

It will be presumed on appeal, in the absence of showing to the contrary, that appellant was not denied his constitutional right to be heard on motion to strike pleadings from the record.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action by Joseph Cooper against J. B. Cooper and others for damage for conspiracy and so forth. Judgment for defendants, and plaintiff appeals. Affirmed.

The plaintiff representing himself called in writing upon the trial judge to recuse himself from the trial of this cause, setting down some half dozen grounds therefor. The substance of the petition is: (1) That the judge has previously made many rulings and rendered many judgments in related cases, which will be brought into this case and affect his impartiality; (2) that by some of his judicial acts he has been instrumental in causing some of the damage here complained of; (3) he would be called upon to explain these matters to the jury, and plaintiff ought to have the right and opportunity to cross-examine him as a witness with respect thereto; (4) that in plaintiff's belief some of the parties have an undue influence over the judge inasmuch as they have declared that they want the case tried by the judge without the jury; (5) that the judge has already stated that he cannot understand from the complaint what plaintiff is asking for; and (6) that the judge is in plaintiff's belief prejudiced against his case, and cannot try it fairly and impartially. No evidence is offered in support of the petition for recusation.

The original complaint covers about five pages of transcript, with an added amendment covering about three pages. The gist of the complaint seems to be a charge of conspiracy among defendants to defraud plaintiff of 200 acres of land by refusing to execute to him a deed pursuant to a parol sale and purchase thereof, and by afterwards executing a conveyance to another person; second a charge of removal of dwelling houses from the property, taking the rents and ordering the plaintiff not to enter thereon and leasing the place to another person; third, a charge that defendants expelled plaintiff by injunction proceedings from the land for three months, causing the loss of his crops and about 80 fruit trees, the injunction having been afterwards dissolved; fourth, false imprisonment of the plaintiff for 20 days in jail for violation of the writ of injunction in that proceeding; fifth, a charge that defendants so slandered the title to the property by their various acts that when it sold under execution against plaintiff in August, 1919, it brought only $71, whereas it was worth at least $25 per acre; sixth, a charge that defendants in their petition in chancery slandered plaintiff by asserting that he willfully and flagrantly violated the writ of injunction in that cause. Defendants move to strike the complaint on several grounds, among others that it was unnecessarily prolix and frivolous and that it contained an unnecessary repetition of facts upon which a material issue neither of law or of fact can be taken by defendants.

Joseph Cooper, pro se.

The court ought to have left it to a jury to have assessed the damages. Section 5345, Code 1907. The court erred in sustaining the motion to strike or quash. Section 5367, Code 1907; 136 Ala. 145, 34 South. 233.

J. Wiley Logan, of Birmingham, for appellees.

No brief reached the reporter.

SOMERVILLE, J. [1] No facts are set out in plaintiff's petition for recusation of the trial judge which are sufficient to disqualify him, either in law or in morals, for conducting the trial of the case; nor was any proof offered to show any bias or prejudice against plaintiff. It was therefore the bounden duty of the judge to sit in the case, and the petition was properly overruled. Ex parte State Bar Ass'n, 92 Ala. 113, 117, 8 South. 768.

[2, 3] The complaint, which was framed by plaintiff himself, while it claims heavy damages for various acts charged against defend-

ants, can hardly be interpreted as stating any specific cause of action, at least not in such a way as to permit an 'intelligent joinder in issue by defendants. It runs largely to irrelevance and prolixity of detail, and contains much that is purely argumentative, and much that must be pronounced frivolous. While it is true that striking pleadings from the file is a severe remedy, and should not be resorted to except in extreme and palpable cases (Wefel v. Stillman, 151 Ala. 249, 263, 44 South. 203), we cannot say that the trial court abused its discretion in striking this complaint from the file. Cook v. Bell, 177 Ala. 618, 634, 59 South. 273.

[4] Appellant complains that he was not permitted to be heard on the motion thus ruled upon. The record, however, fails to show anything in support of this assignment of error, and we must presume that he was not denied his constitutional right to be heard.

Plaintiff may have a cause of action against these defendants, but to be available it must be presented in some form that is apt for issue and trial.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes