252 So.2d 646

**Petition for Writ of Mandamus.**

**In re Julia Harris McGOUGH**

**v.**

**Thomas D. McGOUGH, III.
Ex parte Julia Harris McGOUGH.**

**3 Div. 33.**

Court of Civil Appeals of Alabama.

Dec. 9, 1970.

T. W. Thagard, Jr., Montgomery, for petitioner.

John P. Kohn, Montgomery, amicus curiae for respondent.

WRIGHT, Judge.

This matter comes on petition for Writ of Mandamus to be directed to Honorable William F. Thetford, as Judge of the Circuit Court of the 15th Judicial Circuit, Family Relations Division.

Julia Harris McGough brought an action for divorce on August 31, 1970, against Thomas D. McGough, III, in the Circuit Court, Family Relations Division. This court was created by the legislature by Act 250, 1959, and was therein designated to have jurisdiction of all domestic and marital matters originating in circuit court.

On October 28, 1970, Thomas D. Mc-Gough, III, filed with Judge Thetford a "Motion to Recuse". The ground of the Motion was that McGough in prior proceeding between the same parties made a rude remark to Judge Thetford and that such remark "would disturb the Court's equilibrium resulting in a biasness that would naturally permeate the feelings of any Judge. * * *" The remark related to in the motion was a rejoinder of Mc-Gough to an attempt of the Judge to advise reconciliation between McGough and his wife. The remark by McGough to Judge Thetford was in effect, that he didn't want any advice from the judge.

On November 9, 1970, Judge Thetford entered an order granting the motion to

recuse. The other two Judges of the Circuit Court refused Judge Thetford's request to hear the case.

The petition charges that Judge Thetford's recusal is contrary to law in that he had no valid and legal basis for such recusal. An alternative writ of mandamus is requested to be directed to Judge Thetford requiring him to set aside the recusal or show cause why he should not do so, and that upon hearing, a peremptory writ of mandamus be issued by this Court directing the judge to set aside the order of recusal.

Upon service of the petition, Judge Thetford filed an answer which denies that his order was illegal, and affirmatively states that the basis of his recusal was the charge by McGough that in his opinion he could not receive a fair trial.

The Judge states he was not biased against McGough, nor did he have any "predispositions" with respect to the case because of McGough's prior remarks, or because of having approved a property settlement between the parties in a prior case.

·Subsequent to Judge Thetford's answer, McGough, through his attorney, Honorable John P. John, appeared amicus curiae, filed a written brief and participated in oral argument before this Court on December 3, 1970. Contained in the amicus curiae brief was a request by Judge Kohn that certain allegations in the petition be directed expunged by counsel for petitioner, or if such is not expunged that counsel be held in contempt.

The allegation referred to by Judge Kohn appears in paragraph 8 of the petition. There appears the following:

"They are also illustrative of the dilatory tactics which Thomas D. McGough III, is using and will continue to use throughout this case. * * *"

These words appear descriptive of a six page motion to quash, filed by Judge Kohn directed to an exhaustive motion to produce filed by counsel for petitioner in the divorce action.

We agree with Judge Kohn that the allegation is superfluous and immaterial, but we do not consider them scandalous or insulting. We are not inclined to limit or repress the natural inclination toward enthusiasm of an attorney pleading his client's case, so long as it falls within reasonable bounds of good taste and is not approbrious and insulting. We do not consider the statement complained of to go so far, particularly when applied to one of such unimpeachable character and reputation as Judge Kohn. So far as this Court is concernc.', statements of pleading could not detract' from our respect and high regard for him. We therefore must decline the request to expunge or hold petitioner's counsel in contempt.

Since answer of respondent, written briefs and oral argument have already been presented, we see no purpose in the issuance of an alternative writ in this matter and proceed to a decision on issuance of the peremptory writ of mandamus to Judge Thetford.

The question is presented as to whether mandamus is available to review the recusal of himself by a judge, upon motion, from sitting in a case. There is no question that an appeal will not lie from such recusal, except as an interlocutory decree assigned as error on appeal from a final decree in the case. De Moville v. Merchants & Farmers Bank, 237 Ala. 347, 186 So. 704; Ex parte State Bar Association, 92 Ala. 113, 8 So. 768. Upon such appeal, if the recusal were found to be illegal, any final judgment rendered would be void.

It is well settled that mandamus will not lie if there is another adequate remedy available to the party invoking it. Such adequate remedy, in general terms, is one competent to afford relief on the very subject matter in question, and which is equally convenient, beneficial and effectual. East

v. Todd, 284 Ala. 495, 226 So.2d 153. We do not think there is available such other adequate relief in this instance.

The amicus curiae argument that appointment of a special judge under the provisions of Title 13, Sec. 121, Code of Alabama 1940, or under Article 6, Sec. 160, Alabama Constitution, provides such other adequate remedy is not acceptable. Both such provisions apply only when the presiding judge involved shall be incompetent for any "legal cause." No judge has the right to recuse himself or be recused from sitting in a case except for "legal cause."

The Supreme Court in Ex parte State Bar Association, supra, said as follows:

"Is mandamus the proper remedy in cases like this? The point appears to be too well settled by the authoritites to justify, or even admit, of much discussion. While recourse is never had to this writ to control judicial action, it is the usual, and generally the only adequate, process to compel the discharge of judicial functions. [I]ts mandate is that the judge before whom a cause is pending shall proceed to hear and determine the same; but its use is not warranted to direct what particular judgment shall be rendered therein." (Citations omitted.)

Having held mandamus is proper in this instance, we will now consider whether Judge Thetford's recusal constitutes a wrongful refusal to perform his judicial duties.

If a judge is not disqualified or incompetent under statute, constitution or common law, it is his duty to sit, a duty which he cannot delegate or repudiate. Ex parte State Bar Association, supra; Cooper v. Cooper, 204 Ala. 183, 85 So. 468. It is not within the discretion of a judge, whether he will sit in a given cause. The fact that a judge has recused himself because he would rather not sit, or because he has been accused of bias or prejudice and unable to render a fair hearing and judgment is not acceptable. His disqualification depends upon the facts in regard thereto.

The following quotation from Ex parte State Bar Association, supra, is especially apropos to the case at hand.

"It is to be assumed that no refusal to sit proceeds on other than a determination of the judge that he is incompetent to do so; and to hold that mandamus will not lie where there has been such determination would be to destroy the efficacy of this summary remedy as a means of compelling recusant judges to discharge their judicial functions. The doctrine would be especially pernicious in cases like the present one, where recusation is at the objection of a party, and on the ground of interest; since it would be natural for a conscientious and sensitive judge to resolve all doubts on the question against his competency to try the cause."

█ The sole ground for disqualification alleged against Judge Thetford in the motion to recuse was possible bias and prejudice arising out of a remark made to him by the movant in another case. Judge Thetford, in his answer to the petition in this Court, stated under oath that he was not biased or prejudiced against McGough, and that his recusal was solely because McGough had expressed the opinion that he was in the motion.

Since by his answer Judge Thetford has affirmatively stated no statutory or common-law disqualifications exist, his refusal to sit, hear and determine the cause is not justified.

It is clear that a judge, otherwise fully qualified and competent cannot avoid his duty to sit in a cause by recusing himself to escape accusation, and unpleasantness, and because he had sat in another case involving the same parties.

We can understand and sympathize with Judge Thetford's desire to remove himself from this matter, but we cannot permit him to do so without any legal disqualification. Every judge, including those of this Court, would like to avoid recrimination and ac-

cusation of unfairness. Alas, in proper pursuit of duty we may not do so.

Peremptory writ of mandamus will issue. Judge William P. Thetford will proceed as directed therein.

Peremptory writ of mandamus granted.