258 So.2d 735

**Ida Elizabeth BAGGETT**

v.

**Douglas S. BAGGETT.**

**1 Div. 66.**

Court of Civil Appeals of Alabama.

March 1, 1972.

C. LeNoir Thompson, Bay Minette, for appellee.

Wilters & Brantley, Bay Minette, for appellant.

WRIGHT, Judge.

Appellant first filed suit for separate maintenance, custody of minor children and support. The bill of complaint was

subsequently amended to seek a divorce on the grounds of incompatibility. Appellee filed answer and cross-bill seeking divorce on grounds of adultery. Subsequent amendments by both parties disclosed ownership of real estate jointly with right of survivorship. Appellee amended to seek a divorce on the ground of incompatibility, and by answer admitted joint ownership with right of survivorship of some 80 acres of land, the home of the parties being located on one acre. Appellant prayed for a sale of the real property and divison of the proceeds.

Testimony was heard orally before the court with divorce rendered on October 21, 1971. The decree granted a divorce to the husband-appellee on the ground of incompatibility. Custody of two daughters was given to appellant and custody of a son was given to appellee. Support was granted for the daughters with the payment provided for the older daughter conditioned upon her being enrolled in college and maintaining passing grades.

The decree further found that appellant's interest in the home and one acre of land was of the value of $3500, but that the home not be sold for division because it was needed as a residence by appellee and his son. Appellant was held not to have any right to the remaining 79 acres of real property jointly owned by the parties. She was ordered to convey her title in all of the property to appellee upon payment to her of the $3500.

When appellant moved from the home at the time of separation she carried with her certain items of furniture. The court found such action to amount to a property settlement as to personal property and gave to appellee all personal property remaining.

There are twelve assignments of error, all but one of which are directed to the findings and decree of the court. We shall discuss these in the order we consider most proper.

■ Assignment of Error Five charges error in granting a divorce to appellee on his cross-bill because the evidence in support of such bill was not believable. We do not consider such charge a proper assignment of error. As previously stated, the divorce granted appellee was upon the new ground of incompatibility established by the Legislature in Act No. 222, Regular Session 1971. This act amended Title 34, Section 20, Code of Alabama 1940. Appellant does not charge there was no evidence, or insufficient evidence, to support the ground of incompatibility, but only that the evidence was not believable.

■ Any legal evidence presented is believable if the trier of fact chooses to believe it. The evidence presented in the court below was legal so far as the record indicated, and there was no scarcity of it. In such a case, this court cannot supplant the judgment of the trial judge upon the matter of the believability of the evidence. If there is any legal evidence to support the decree, it will be sustained on appeal unless palpably wrong. Shivers v. Shivers, 277 Ala. 400, 171 So.2d 109.

In the absence of any precedent in this state as to the evidence necessary to support the new ground of incompatibility, and further since that issue is not presented on this appeal, we find no error in that part of the decree granting the divorce on such ground.

■ Assignment of Error Six alleges error because the court aided appellee by extensive examination of witnesses. We have examined that part of the transcript referred to by appellant. We find no prejudice to appellant. Though the court should not engage in adversary questioning of witnesses, we know of no rule preventing the court, particularly when sitting as the trier of fact, from seeking answers to material questions. The record does not indicate any objection made or exception taken to the questioning of the witnesses by the court. Thus, there is nothing presented for review on appeal. Rice v. Hill, 278 Ala. 342, 178 So.2d 168.

Assignments of Error One, Two, Three and Four are closely related and will be considered together. These assignments charge error in that portion of the court's decree by which the joint interest of appellant in the real property was directed to be divested from her and into appellee upon payment by appellee of $3500. Appellant also says the decree is not supported by the evidence in its division of the personal property.

We will first consider the provisions of the decree relating to the real property.

The evidence that the parties owned 80 acres of land jointly with right of survivorship was undisputed. The evidence further was without dispute that title to the property was taken jointly at the time of original purchase in 1960 and that appellant joined in the original mortgage placed on the property and in subsequent mortgages thereon. Though the notes secured by the mortgages were not in evidence, it must be assumed that appellant signed them. At the time of trial there is an indebtedness in an amount of some $5000, secured by a mortgage on all the acreage, except the one acre where the home is located.

Though the court found that the real property was acquired primarily through the father of appellee, we find no evidence in the record to substantially support any finding other than that value was paid for the property by the grantees in the deed. The grantees were appellant and appellee jointly. The language of the decree tends to indicate a finding of a resulting or constructive trust in favor of appellee. There are no pleadings seeking such relief and the decree does not declare such trust in fact. There is insufficient evidence to support such finding.

The evidence clearly shows that at the time of the acquisition of the joint title, both parties to the marriage were working and contributing to support of the family. The home was constructed with funds borrowed upon the signatures of both parties

and subsequently paid for. The appellant's income from her employment was nearly as great as that of appellee. The present indebtedness upon the 79 acres of farmland was placed thereon to provide funds for the joint farming effort of appellee and his mother.

■ We think the evidence clearly supports the right of appellant to a joint interest with right of survivorship in both the farmland and the home as exemplified by her record title. The decree of the court ordering title of appellant in the farm divested from her and into the appellee without compensation is not supported by the evidence and must be set aside.

■ We further hold that the decree divesting from appellant and vesting in appellee, her interest in the home upon payment to her of $3500 is not sufficiently supported by the evidence and must be set aside.

We do not base our latter holding upon the authority of Davis v. Davis, 279 Ala. 643, 189 So.2d 158, as argued by appellant. *Davis* held that the granting of the use of jointly owned property to the husband to be used as a home for himself and a child in his custody was in effect requiring the wife to contribute to the support of the husband contrary to the common law. *Davis* does not apply to a division of jointly owned property.

Owens v. Owens, 281 Ala. 239, 201 So.2d 396, and Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308, clearly allow for division of property jointly owned with right of survivorship, if the parties by bill of complaint and cross-complaint have invoked the equity jurisdiction of the court in relation to such property rights. Such division may be accomplished by sale or other equitable division.

We find it necessary to set aside the division of the home ordered by the court because the amount ordered paid to appellant for her joint interest is not shown by

 

the evidence to be a fair and equitable sum.

 The only evidence of value of the home to be found in the transcript is a statement by the appellee that he had been told by someone that its value was between $8000 and $8500. $3500 is not even one-half of the hearsay testimony of value, which testimony is not for consideration under the provisions of Title 7, Section 372(1), Code of Alabama 1940. Therefore, upon remandment, the court must either direct sale for division or by proper evidence determine the fair and equitable value of the interest of appellant in the real property, with such sum to be paid prior to divesting of such interest.

Under the evidence of appellee, there is indication that some amount of the mortgage indebtedness upon the farmland was placed thereon for benefit of appellee's mother and father. This sum being used in the expense of joint farming enterprises and purchasing of equipment, title to which has been given by the decree to appellee. Upon rehearing, it would appear appropriate that inquiry be made and determination given as to such amounts chargeable to appellant's interest therein. We would observe here that the decree divesting title to the farm from appellant did not remove her obligation as surety to the indebtedness secured by the mortgage thereon.

Appellant charges error in that part of the decree wherein a division of the personal property was made, and wherein the court decreed that the removing of certain property from the home by appellant amounted to a property settlement by appellant.

 We cannot agree with the declaration of the decree that such action by appellant amounted to a relinquishment of any interest in or right to the property not removed. However, we cannot hold the court to have erred in such division per se. The evidence fairly supports the division of the personal property ordered by the court. There is no evidence as to value of the respective shares given by the decree. Thus, we accept the presumption that the decree is correct and proper in this aspect.

There is no evidence that appellant contributed in any manner to the accumulation of the farm equipment, though the fruits from cultivation of the property in which she had a joint interest were used in payment therefor. It does not appear that appellant participated in the farming operation, though she was a surety for funds used therein.

For error shown, this cause is reversed and remanded for further proceedings as necessary in the premises.

Reversed and remanded.