264 So.2d 901

**Ex parte Ida Elizabeth BAGGETT.**
**1 Div. 77.**

Court of Civil Appeals of Alabama.

July 12, 1972.

Wilters & Brantley, Bay Minette, for petitioner.

C. LeNoir Thompson, Bay Minette, for respondent.

BRADLEY, Judge.

Proceedings were begun in this court by the filing of a petition for the writ of mandamus asking that respondent, Telfair J. Mashburn, Judge of the Circuit Court of Baldwin County, Alabama, in Equity, be required to disqualify himself from hearing and deciding a motion filed by petitioner to have a certain parcel of property sold at public auction.

The petitioner filed her motion for a public sale of jointly owned property with right of survivorship after the remandment to the trial court of a divorce case involving petitioner and her husband.

Petitioner's husband had been granted a divorce on the ground of incompatibility and awarded custody of one child, with petitioner receiving custody of the other two children. The petitioner was awarded $3,500 for her interest in the house and one acre of land on which the house stood, and was deemed to have no interest in the remaining 79 acres jointly owned by the parties. She was then ordered to convey her interest to her former husband upon the payment of the $3,500.

The case was appealed to this court, 47 Ala.App. 539, 258 So.2d 735, and was reversed and remanded. We held that the petitioner was a joint owner (one-half interest) with right of survivorship in the 80 acres owned by the parties to the divorce suit, and we further held that the $3,500 as petitioner's part of her one-half interest in the one acre homeplace was not a fair or equitable amount for this one-half interest, and set aside this portion of the trial court's decree.

We further found that there was a $5,000 mortgage to which petitioner joined on the 79 acres. It appeared from the evidence, however, that this indebtedness resulted from a need for funds to be used in a farming operation participated in by the ex-husband and his mother. We ordered that upon a rehearing of this matter, that the amount chargeable to appellant's interest in the mortgage be determined so that she would be apprised of her mortgage obligation.

We remanded the case to the trial court for it to either sell for division the one acre plot where the homeplace was located or to determine by proper evidence the fair and equitable value of petitioner's interest in said plot, i. e., her one-half interest—we had previously held that she was a joint owner with right of survivorship in the entire 80 acres—but we did not direct what disposition should be made of petitioner's one-half interest in the remaining 79 acres. We concluded that any steps to be taken in this regard would be a matter for petitioner and her counsel to decide.

In reading the pleadings and the briefs and listening to oral argument, it is apparent that our directives on remandment were misconstrued not only by the trial judge, but also by the attorneys. This is made to appear from the answer filed to the petitioner's motion to sell the property and divide the proceeds and from the statements of the trial judge made at the time appointed for a hearing on petitioner's motion, and statements made in briefs in support of and in opposition to the granting of a writ of mandamus.

After petitioner had filed her motion to have the property publicly sold, the ex-husband filed a motion asking the trial court to determine the value of petitioner's interest in the property and upon this being done, the ex-husband would pay this amount to petitioner, and would hold harmless the petitioner for any obligations she might have in relation to the mortgage on the 79 acres. Petitioner answered this motion and asked again that the property be sold for division.

There was then filed a motion to strike petitioner's original motion and an answer to this motion was filed.

These motions were set for hearing before the court and petitioner appeared as she says for the sole purpose of settling the pleadings, and the ex-husband, so he says, appeared with attorney and witnesses to take evidence.

Prior to getting into the hearing the court made certain observations about the case that would strongly indicate that it had misconstrued the decision of this court and had also misconstrued the directives that should be carried out.

At the conclusion of some questions and answers from counsel for petitioner and the trial judge, the petitioner moved the trial judge to recuse himself from the case and permit the proceedings to be heard by another judge. This motion was denied, and the petitioner now asks this court to direct the respondent here to disqualify himself from conducting further proceedings in this case.

To the sworn petition for the writ of mandamus, a sworn answer has been filed and we have heard oral argument thereon.

The issue before us is whether or not it has been shown that the trial judge has prejudged the matters to be decided by him as directed by this court, and is therefore so biased as to be disqualified to proceed further.

We do not believe that the requisite bias and prejudice on the part of the trial judge has been shown so as to require his disqualification to hear further proceedings in this case at this point.

The remarks of the trial judge to counsel for petitioner at the beginning of the hearing on the motion to publicly sell the property in question indicate to us that he thought that something other than the value of petitioner's one-half interest in the property was at stake.

However, the decision of this court settled the question of what interest petitioner owned in the 80 acres, for we said that she owned a one-half interest in the entire 80 acres.

We then directed that the trial court either sell for division the one-acre homeplace or ascertain by proper evidence the value of petitioner's one-half interest in the one-acre homeplace. We did not direct the court how to proceed so far as petitioner's one-half interest in the remaining 79 acres was concerned. We concluded that that was a matter to be presented to the trial court by the petitioner, and in her motion filed with the trial court after remandment, petitioner has asked that the 79 acres also be sold for division.

The effort to have sold for division the 79 acres by petitioner's motion does not run afoul of Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565 for the reason that we held on original submission that petitioner was entitled to a one-half interest in said 79 acres; that she had invoked the equity jurisdiction of the Circuit Court in relation to her property rights; and that a division could be accomplished by sale or other equitable disposition.

Therefore, we shall assume that the court, now having a clearer understanding of the directives of this court, will proceed to comply with them.

It is settled that a court will be presumed to do its duty when called upon to

decide a matter, and it will do so without bias, prejudice or preconceived notions about the case. Should this not be done, there is a remedy for such dereliction. See Ex parte McGough, 47 Ala.App. 223, 252 So.2d 646, wherein this court said that a trial judge who is not disqualified or incompetent is duty bound to hear and decide issues and matters brought before him and that his disqualification, should it be raised, must appear from each case.

Inasmuch as petitioner's motion has not been heard, we believe that the trial court should have an opportunity to hear and decide the matters raised in it. In deciding said motion the trial court should not lose sight of the mandate of this court to sell for division or to determine by proper evidence the value of petitioner's one-half interest in the one-acre homeplace, and, in addition, determine what portion of the mortgage indebtedness on the 79 acres should be charged to petitioner's one-half interest therein.

Accordingly, we conclude that the writ should be, and is hereby, denied.

Writ denied.

WRIGHT, P. J., and HOLMES, J., concur.