Cornelia Ellis Wallace, the respondent and cross-complainant in a divorce action pending in the Circuit Court of Montgomery County, has petitioned this court to issue its Writ of Mandamus to the Honorable John W. Davis, III, as circuit judge, sitting in the pending case, requiring him to (1) recuse himself from presiding as judge in said case and (2) requiring him to henceforth hear all matters in said case in open court with free access to the public.
After answer of complainant George C. Wallace and Judge Davis and replications thereto, the petition was heard orally by this court on November 28, 1977. After consideration of the matter, the opinion and judgment of the court is as follows:
The undisputed facts are that the original petition for divorce was filed by Honorable George C. Wallace against Cornelia E. Wallace on September 12, 1977. The petition with summons was carried by counsel for Governor Wallace to Judge John Davis, as Judge of the Family Court, and Judge Davis took assignment of the case and entered an order setting a pre-trial conference for September 20 at 8:00 A.M. Mrs. Wallace answered the petition and filed a cross-petition on September 15, 1977. At the same time she filed a motion requesting Judge Davis to recuse himself from sitting as judge in the case.
The recusal motion averred as grounds that the Governor was a party in the case; that there has existed a long friendship between the Governor and the father of Judge Davis; that the Governor had been and might still be a patient of Judge Davis's father, a physician; that Judge Davis was initially appointed judge by the Governor; that such grounds could be a basis for bias and prejudice. The motion to recuse was set for September 20, 1977, at 8:00 A.M. and pre-trial hearing originally set for that time was reset for 9:00 A.M. on September 20, 1977. Notice of the setting of the motion was given counsel for Mrs. Wallace on September 19, 1977.
At 8:00 A.M. on September 20, 1977, counsel for Mrs. Wallace appeared at Judge Davis's chambers. Motion was made by her counsel that the motion to recuse be heard in open court. The motion was argued and denied; counsel then requested continuance of the motion to recuse because of lack of time to prepare for hearing. The continuance was denied. Counsel for Mrs. Wallace presented Judge Davis's father-in-law and Judge Davis as witnesses in support of the motion to recuse. Their testimony revealed the following facts: Dr. Davis had performed medical services for Governor Wallace on several occasions after Governor Wallace was shot. Dr. Davis had treated Governor Wallace's grandfather prior to his death. Dr. Davis is a personal friend, a political supporter and contributor of Governor Wallace and had been for a number of years. He had personally introduced his son to the Governor and requested the Governor to appoint him circuit judge. Governor Wallace did appoint Judge Davis as circuit judge though he thereafter won a contested election for his judgeship. Dr. Davis remained a friend, supporter, and contributor of the Governor after the appointment. *Page 1378 
Judge Davis's father-in-law had performed services for the State for profit while Governor Wallace was in office. Such service was awarded on a non-bid basis. The remuneration for such service was relatively small, though amounting to several thousand dollars. The father-in-law was also a political supporter and contributor of Governor Wallace. The father-in-law requested and received reappointment by the Governor to membership on the State Real Estate Board.
Judge Davis, in competition with other applicants, requested and received from Governor Wallace his original appointment as a circuit judge. He does not associate socially with the Governor.
After both presiding as judge and appearing as a witness, Judge Davis denied the motion to recuse, stating that he was not biased or prejudiced in favor of Governor Wallace and could render fair and impartial justice in the case.
On September 23, 1977, a transcript of the proceedings on the motion to recuse made by a court reporter retained by Mrs. Wallace, was filed with the clerk of the court. Judge Davis ordered the transcript of the testimony of the witnesses at the hearing be withheld by the court clerk from the press and the public.
On October 5, 1977 counsel for Mrs. Wallace read an article in the newspaper, The Montgomery Advertiser, of the ex parte discussion between Judge Davis and counsel at the filing of the original suit for divorce on September 12, 1977, and the resultant acceptance of the case by Judge Davis. Counsel incorporated this information in a motion for rehearing of the motion to recuse. Additional grounds assigned were the denial of a continuance and lack of opportunity to prepare for the original motion and the exclusion of the public and press from the hearing contrary to statute and the Alabama constitution. Judge Davis denied the motion for rehearing on October 12, 1977, without additional hearing.
This court has mentioned the above facts not to suggest that Judge Davis has any personal bias or prejudice against any party to the proceedings before him. Judge Davis refused to recuse himself because it was his belief that the law required him to preside over this proceeding. We can understand and appreciate such a conclusion. However, we do not agree with the conclusion, as is demonstrated below.
This matter began with the original motion contending that the appointment of Judge Davis by the Governor and the relationship of members of his family with the Governor constituted sufficient legal basis under statute, case law of Alabama, and the common law for Judge Davis to recuse himself. However, it has now evolved, through the additional motion for rehearing and the petition for mandamus with answer and arguments thereon, into the issue of whether in consideration of all the cumulative facts disclosed, Canon 3C (1) of Alabama's Canons of Judicial Ethics requires that Judge Davis remove himself or be removed through the writ of this court in the exercise of its powers of superintendence over an inferior jurisdiction.
Canon 3C (1) is in pertinent part as follows:
 "A judge should disqualify himself in a proceeding in which . . . his impartiality might reasonably be questioned. . . ."
The Alabama Canons of Judicial Ethics were adopted by the Supreme Court of Alabama on December 11, 1975. And, by so doing, it would appear that a new dimension has been added to the subject of judge disqualification.[1] The following quote from Wells v. Wells, Ala.Civ.App., 346 So.2d 442, 444 (1977), seems to support such a view.
 "There is no evidence of any partiality or prejudice on the part of the judge here. Nothing indicates that he should have disqualified himself under Canon 3C of the Canons of Judicial Ethics, nor granted a new trial." *Page 1379 
It is clear to this court that Canon 3C (1) must have some meaning and application. Quite frankly, we find a general standard difficult to define under this canon. This is particularly true in this instance since the judge must interpret the canon and apply that interpretation to himself. Put another way, he must interpret and be the object of that interpretation. See SCA Services, Inc. v. Morgan, 557 F.2d 110
(7th Cir. 1977). However, in view of the facts as noted above, we can reach no other conclusion than that Judge Davis should have recused himself under the provisions of Canon 3C (1). We would note for whatever benefit it might be that Governor Wallace's answer in the proceedings indicates that he feels there should be no cloud over the divorce proceedings.
We do not consider that any one or two facts in this case standing alone require recusal. It is only when the totality of the facts are shown that recusal is required. The judge's relationship and that of his family to one of the parties, in this instance a public figure, and all the factors as indicated above, in this matter creates an impression that his impartiality might reasonably be questioned.
The reasonable question is raised in the mind of the public who must believe in the total integrity and impartiality of their judges. We believe the purpose and function of the Canons of Judicial Ethics is to support the belief and confidence of the people in their courts. We caution both counsel and judges that this decision not be construed to mean that recusal is required by mere accusation of bias unsupported by substantial fact. Each case must stand on its own.
This appearance of partiality does not reassure a public already skeptical of judges, lawyers, and the legal system. Put another way, the relationship, as shown above, might well make it reasonable for members of the public, or party, or counsel opposed to question the impartiality of the judge. See SCAService, Inc. v. Morgan, supra. We therefore find that Judge Davis should have recused himself pursuant to the provisions of Canon 3C (1).
Having said the above, we find it necessary to make the following comments. Judge Davis, in refusing to recuse himself, relied on McGough v. McGough, 47 Ala. App. 223, 252 So.2d 646
(1970). We believe that case to be the law under the facts of that case. Furthermore, we believe that cases dealing with actual bias or prejudice are not affected by what we have said here. This case clearly is decided under the pertinent provisions of Canon 3C (1) and under the entire facts, as indicated above.
The remaining issue of whether the matter previously heard should have been in open court with reasonable access to press and public is not believed by us to be a matter available on mandamus, but is proper for an appeal. Wright v. Aldridge,219 Ala. 632, 123 So. 33 (1929). It is done and cannot be undone by this court. The recusal of Judge Davis renders any question of what his future acts in this case while sitting as judge might be entirely moot. We therefore do not speak on the issue of open and public trial in a civil case. We consider that a decision on that issue is appropriate only when directly and properly presented to the court.
The petition for writ of mandamus is granted and our writ will issue directing The Honorable John W. Davis, Circuit Judge, to recuse himself as the trial judge in this case unless he set aside his denial of the motion for recusal and enter judgment instead granting said motion and notify the presiding judge of the 15th Judicial Circuit, The Honorable Richard P. Emmet, of his recusal within three days from the date of this order.
WRIT GRANTED CONDITIONALLY.
BRADLEY, J., concurs.
WRIGHT, P.J., concurs in result.
[1] We consider that the canons have the force of law. See Art. 6, § 147, Constitution of Alabama 1901, as amended. Bates v.State Bar of Arizona, ___ U.S. ___, 97 S.Ct. 2691,53 L.Ed.2d 810 (1977).