This is a divorce case.
The husband appeals and presents the following issues for review: 1. Did the trial court err to reversal in its division of property and award of child support? 2. Does the action of the trial judge in recusing himself from the case require reversal? 3. Did the trial judge err in excusing certain witnesses from "The Rule"?
We find no reversible error and affirm.
Viewing the record with the attendant presumption of correctness, we find the following pertinent facts: The parties were married in 1950 with six children being born of the union. Since their marriage, the husband became a licensed pharmacist and now has a net worth of approximately $300,000. He owns his own drug store which had a net income of approximately $88,000 in 1977.
The decree granting the divorce, on the ground of incompatibility, awarded custody of the parties' two minor children to the wife. The husband was to pay $600 per month per child as child support and was further ordered to pay the wife $600 per month as alimony.
The wife was further awarded, as her separate property, the home and furnishings of the parties together with its 38 acres. The wife was also awarded an apartment which was located on this land. The trial court awarded the wife a 55 acre tract of land adjoining the 38 acres on which the homeplace is located. All of this land was valued by the husband at approximately $120,000.
In addition, the husband was ordered to pay the wife $75,000 within one year from the date of the decree.
The husband was awarded all other real estate and all the stock of Oden Shirey Drug Company, i.e., husband's business. The real estate which the husband received included the lot on which his drug store stands; a lot in Brilliant, Alabama, valued at approximately $10,000; a 250 acre tract of land; an acre lot on Smith Lake. The husband was also awarded the parties' savings account and a certificate of deposit valued at $36,000 along with various municipal bonds. *Page 603 
There was also evidence that the husband "ran around with other women" during the marriage.
The above does not state all of the facts as presented by counsel for the husband. We, however, deem the above sufficient in the instant case as no precedential or other value would be served by stating additional testimony or evidence.
Suffice it to say, we find no abuse of discretion by the trial court in its division of property and award of child support. As this court has often stated, the amount of child support to be awarded in a divorce decree depends on the facts of each case. There is no mathematical formula for determining an appropriate award. See White v. White, Ala.Civ.App.,334 So.2d 908 (1976).
The above rationale applies as to divisions of property in that such does not have to be equal but must be graduated to the nature of the case. See Nix v. Nix, Ala.Civ.App.,348 So.2d 802 (1977).
In this instance, we find no plain and palpable abuse of discretion by the trial court so as to require reversal of either the division of property or award of child support.
Along the same line, husband contends the trial court failed to give enough weight to the evidence in the above award. The record clearly reveals the trial court did consider the husband's indebtedness, the needs of the children, and the manner in which the parties' property was obtained when the trial court issued its decree. To say the trial court did not put enough emphasis on this matter would require this court to substitute its judgment for that of the trial court. This, the law does not allow. See Sutton v. Sutton, 55 Ala. App. 254,314 So.2d 707 (1975).
As noted above, the trial judge, to whom the case was originally assigned, recused himself from the case after the complaint, answer, interrogatories and the answers thereto had been filed. The husband contends the recusal was reversible error.
This court in Shell v. Shell, 48 Ala. App. 668, 267 So.2d 461,cert. denied 289 Ala. 751, 267 So.2d 467 (1972), stated that every judge should avoid sitting in a case where there is foundation for a reasonable charge of interest, bias, or prejudice.
In the present case, the trial court judge recused himself, on his own motion, because of his personal friendship with the parties in interest and his personal knowledge of facts to belitigated. In view of the above, we cannot say the trial judge erred in recusing himself from the case. See Shell v. Shell,supra; McGough v. McGough, 47 Ala. App. 223, 252 So.2d 646
(1970).
The husband additionally alleges as error the action of the trial judge in excusing certain witnesses from "The Rule." Specifically, the trial judge excluded all witnesses from the rule who were relatives of the defendant. The plaintiff had subpoenaed these witnesses on the day of the trial. The only witness not excluded from the rule was one who had been subpoenaed by both parties and was not kin to either party.
The court in Lewis v. State, 55 Ala. App. 140, 313 So.2d 566
(1975), stated that the exclusion of witnesses from the courtroom is entirely a matter of discretion with the trial court, and not of right. It is within the discretion of the trial court to excuse some witnesses and not others. This discretion is not reviewable. See Beddow v. State, 39 Ala. App. 29, 96 So.2d 175 (1956), cert. denied 266 Ala. 694,96 So.2d 178 (1957). In view of the above, we find no reversible error.
Lastly, the husband argues that the alimony section in the Alabama Code is a denial of equal protection and is unconstitutional. Husband did not raise this contention at trial but does so for the first time on appeal. The law in Alabama is settled in this regard in that the constitutionality of a statute will not be considered by this court when the question has not been presented to the trial court but is raised for the first time on appeal. See McWilliams v.McWilliams, Ala.Civ.App., 349 So.2d 59 (1977). *Page 604 
For a further discussion of this issue, see this court's decision of Orr v. Orr, Ala.Civ.App., 351 So.2d 904, cert.denied, Ala., 351 So.2d 906 (1977).
The above being dispositive of the issues in this appeal, this cause is due to be and is affirmed.
The wife has requested that an attorney's fee be awarded for representation on appeal. A fee of $500 is hereby awarded.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.