Although I concur in the result reached in this case, I feel compelled to make the following statement:
Canon 3 C(1) of the Canons of Judicial Ethics provides, "A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality mightreasonably be questioned. . . ." (Emphasis supplied). In interpreting this canon, the Alabama Supreme Court held that a trial judge was not required to recuse himself where "[t]here is nothing in the record to indicate that the alleged bias resulted 'in an opinion on the merits on some basis other than what the trial judge learned from his participation in the case.' United States v. Grinnell Corp., [384 U.S. 563, 583,86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966)]." Hartman v. Board ofTrustees of the University of Alabama, 436 So.2d 837, 841 (Ala. 1983).
In the instant case the alleged bias or appearance of bias on the part of the trial judge stems from the information he learned while presiding over the custody proceeding — information which then resulted in criminal charges being brought against Mr. Rives. Based upon the rule set forth inHartman, this court cannot hold that the trial judge was required to recuse himself from this case. In my opinion, however, the better course would have been for him to do so.
Canon 3 C(1) mandates recusal where "a reasonable person could question the judge's impartiality." In the Matter ofSheffield, 465 So.2d 350, 357 (Ala. 1984). In holding that the trial judge should have recused himself in the Sheffield case based upon Canon 3 C(1), the Alabama Supreme Court opined:
 "[T]he reasonable person/appearance of impropriety test, as now articulated in Canon 3C(1), in the words of the Supreme Court of the United States, may 'sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties.' In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955). As stated in Canon 1 of the Code of Judicial Ethics, 'An independent and honorable judiciary is indispensable to justice in our society,' and this requires avoiding all appearance of impropriety, even to the point of resolving all reasonable doubt in favor of recusal."
Sheffield, 465 So.2d at 357.
In my opinion the present case presents circumstances from which a reasonable person could question the impartiality of the trial judge. It is thus clearly distinguishable from the case of McGough v. McGough, 47 Ala. App. 223, 252 So.2d 646
(Ala.Civ.App. 1970), in which this court held that the trial judge should not have recused himself where such recusal was based solely upon the movant's opinion or allegation that the judge was possibly biased and where the judge had affirmatively stated that he had no such bias. In the present case, however, the better course would have been for the trial judge to recuse himself where there was the appearance of a lack of impartiality, not merely the movant's allegations. *Page 519