This matter comes on petition for writ of mandamus for an order directing the Honorable Jack C. Riley to accept reassignment to a case from which he has recused himself and to grant a process of garnishment against the husband for his failure to comply with a temporary order of child support.
The wife sued for divorce on June 20, 1986, and the case was assigned to Judge Riley. On August 13 an order for temporary support was entered against the husband, requiring him to pay $1,000 a month to the wife for the support of their minor child, payments to begin on August 15. On November 14 the court denied the wife's petition to garnish the husband's wages for his failure to pay support. The court stated that notice for a hearing for judgment on a citation for contempt could be filed by the wife and served on the husband. The trial set for November 24 was continued until February 17, 1987. In January the wife filed a petition for rule nisi to hold the husband in contempt for his failure to pay support. The hearing on that petition was also set for February 17.
On that date the husband moved that the "Judge . . . recuse himself on the grounds as stated by this judge on several occasions heretofore." Judge Riley granted that order and recused himself. He stated as grounds for his recusal "that there has been a long association between the parties and this judge and his wife, from living together at an early age in an apartment complex to communication and schooling of the children, church affiliation and many other associations over the years." The case was subsequently reassigned and all matters reset for trial on May 4, 1987.
The wife charges that Judge Riley's recusal is contrary to law in that he had no valid and legal basis for such recusal. Specifically, she charges that the associations given as grounds for the recusal are not sufficient to support either the husband's motion or the judge's recusal of himself, and that by not objecting to the judge's participation at the beginning of the case, *Page 271 
the right to have the judge recused has been waived.
We note at the outset that mandamus is proper in this instance to review the judge's recusal. McGough v.McGough, 47 Ala. App. 223, 252 So.2d 646 (1970). We also note that in order for this court to issue such a writ, there must be credible allegations which are ironclad in nature, showing that the trial judge is bound by law to do what petitioner requests. Segars v. Segars, 333 So.2d 155
(Ala.Civ.App. 1976).
The wife's main argument that Judge Riley has abused his discretion in recusing himself in this case rests upon the Alabama rule that a judge has a so-called "duty to sit." We stated the following with respect to that duty:
 "If a judge is not disqualified or incompetent under statute, constitution or common law, it is his duty to sit, a duty which he cannot delegate or repudiate. It is not within the discretion of a judge, whether he will sit in a given cause. The fact that a judge has recused himself because he would rather not sit, or because he has been accused of bias or prejudice and unable to render a fair hearing and judgment is not acceptable. His disqualification depends upon the facts in regard thereto." (Citations omitted.)
McGough, supra, 47 Ala. App. at 226, 252 So.2d at 649.
Although that rule continues to have a deserved vitality, it must be considered in light of the Canons of Judicial Ethics that were enacted and became effective in Alabama subsequent to that case. That is to say that in addition to his being subject to disqualification under § 12-1-12, Code 1975, a judge must now himself consider whether his continued presence in a case violates Canon 3(C), Alabama Canons of Judicial Ethics, which provides in pertinent part:
"C. Disqualification:
 "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 "(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." (Emphasis ours.)
A federal court has construed the analogous federal statute that tracks the underscored language above to mean that the "duty to sit" has been eliminated. See Potashnick v. PortCity Construction Co., 609 F.2d 1101 (5th Cir. 1980). Although we are not prepared to go that far, neither do we think the judge in this case abused his discretion by recusing himself in what he determined to be a questionable case. If there is bias or prejudice for or against a party, it is in the mind and conscience of the judge, not merely because of an accusation charging bias or prejudice. See Shell v.Shell, 48 Ala. App. 668, 267 So.2d 461 (1972). Federal law has heretofore required that a judge determine in his own opinion whether he should disqualify himself; Alabama judges must now respond to a similar imperative in the Canons of Judicial Ethics as quoted above.
The wife's contention that the husband's motion does not state facts sufficient to support the judge's recusal is therefore beside the point, as is the question of the husband's waiver of his right to have the judge recused by not objecting to his participation at the outset of the case. In view of the Canons of Judicial Ethics, the onus in this case of whether to recuse or not to recuse is squarely on the judge.
We appreciate the wife's complaint that eight months into the case, and on the day set for trial, the judge recused himself on grounds that were present at the outset of the case. However, we do not feel it prudent to require a judge to sit when he has determined and stated in the record grounds upon which his impartiality might reasonably be questioned. The facts of this case are distinguished from McGough
in that in that case the judge stated that he did not believe his impartiality would be compromised; mandamus was therefore issued, *Page 272 
ordering his reassignment to the case.
To summarize: the facts upon which the judge in this case based his recusal might not support a motion to recuse if in the judge's opinion he felt that he could continue to preside impartially and without prejudice. In other words, it is an inescapable fact of life that judges serving throughout the state will necessarily have had associations and friendships with parties coming before their courts. A judge should not be subject to disqualification for such ordinary relations with his fellow citizens. Nor should he be able to forgo his sworn judicial duty merely because to stay on the case might cause him embarrassment. However, should he determine that his ability to fairly judge a case might reasonably be questioned due to longstanding relations with one of the litigants, his judgment to recuse himself should be considered in light of his duty to those ethical obligations which now have the force of law in Alabama. In Lindsey v. Lindsey, 361 So.2d 601
(Ala.Civ.App. 1978), we upheld a judge's recusal on the basis of his personal friendship with the parties and knowledge of facts to be litigated. Although the facts in this case are limited to the personal and religious associations set out earlier, we cannot say the trial judge erred in recusing himself.
Regarding the wife's petition to have the husband's wages garnished for his failure to pay support, that matter has been set for hearing on May 4, 1987. Since a remedy to enforce the temporary order of child support has been sought and is scheduled to be heard, the extraordinary writ of mandamus is not dictated.
WRIT DENIED.
All the Judges concur.