CRAWLEY, Judge.
Arthur Johnson (“the husband”) appeals from the trial court’s judgment divorcing him from Clara Johnson (“the wife”) and dividing the parties’ real property. The parties were married in January 1985. They separated in October 2001. After a trial, the trial court divorced the parties and awarded the wife three parcels of real property owned or coowned by the parties. The husband appeals.
When the parties married, the husband owned a house, referred to as the “Bunt Park house,” and the wife owned two houses, the “Hollywood, Florida house”[1] and *691 the “Opalocka house.” The parties jointly refinanced the Opalocka house in 1987. The parties pooled their money to pay for the construction of another house, known as the “Carver Ranches house,” on a lot that the wife had purchased before the parties’ marriage. The husband sold the Bunt Park house in 1993; the down payment paid by the purchaser of that house was used by the parties to finance the purchase of a house owned by the wife’s family that was facing foreclosure (“the Baker Hill house”). The Baker Hill house, according to the husband, is worth between $45,000 and $50,000. The wife deeded the Carver Ranches house to her three daughters in November 2000. During the marriage, the parties also bought a house in Cowarts, Alabama (“the Cowarts house”); that house, the martial residence, was valued by the parties at between $100,000 and $104,000, with an outstanding mortgage of $75,000. The husband had purchased a mobile home in Cowarts; he said that he had purchased it for his aunt with her funds. The husband co-owned a property known as the “Gordon house” with his daughter. The parties also owned some real estate in Barbour county; however, that property was sold before the divorce.
The trial court awarded the wife the Hollywood, Florida, house, the Opalocka house, and the Baker Hill house. The trial court awarded the husband the mobile home he argued was owned by his aunt and his interest in the Gordon house, which he co-owned with his daughter. The trial court ordered the Cowarts house sold and the proceeds divided equally.
The husband raises two issues on appeal. First, he argues that the trial court erred in allowing the wife to testify as to whether the husband infected her with a venereal disease during the marriage. The husband also argues that the trial court’s judgment must be reversed and the cause remanded for the trial court to take testimony on the value of the real estate properties before a determination of whether the division of the marital property was equitable can be made. The only properties assigned a value by the parties were the Cowarts house and the Baker Hill house.
The husband argues that the trial court erred by allowing the wife to testify that he had infected her with a venereal disease twice during their marriage. The wife testified that she had been treated twice for a venereal disease; she also stated that she had been faithful to her husband, having had sexual relations with only him during their marriage. All of the husband’s objections to this testimony, except one, came after the wife answered the questions posed to her regarding her infection with a venereal disease.
“It is well settled that an objection that comes after the witness’s answer is too late. See Crowne Invs., Inc. v. Reid, 740 So.2d 400, 408 (Ala.1999); Ford v. Thomas, 482 So.2d 1217, 1219 (Ala.Civ.App.1985).
“ ‘One cannot preserve error by objecting to a question after the witness has given a responsive answer. General Motors Corp. v. Johnston, 592 So.2d 1054 (Ala.1992). If the witness’s answer came too quickly for *692 [the husband] to object, then [the husband’s] proper remedy would have been to make the belated objection and to make a companion motion to strike or exclude the question and answer. Green v. Standard Fire Ins. Co. of Alabama, 398 So.2d 671 (Ala.1981). [The husband] made no such motion.’
“Crowne Invs., 740 So.2d at 408.”
L.A.C. v. State Dep’t of Human Res., [Ms. 2020794, October 24, 2003]-So.2d-, - (Ala.Civ.App.2003). The only question on the issue of the wife’s venereal-disease infections to which there was a timely objection was rephrased even though the trial court overruled the objection; the husband did not object to the rephrased question. Accordingly, we will not consider the husband’s argument on this issue.
The husband also argues that we must reverse the trial court’s judgment and remand the case to the trial court for it to determine the value of the various parcels of real property at issue in this case. He cites Hamaker v. Hamaker, 57 Ala.App. 333, 328 So.2d 588 (Civ.App.1975), in support of his argument. In Hamaker, this court reversed a judgment of the trial court awarding the husband the parties’ jointly owned real estate and awarding the wife only $1,200 for her one-half interest in that property where the record contained no evidence of the value of the real estate. Hamaker, 57 Ala.App. at 339, 328 So.2d at 593. We held that “[t]here being no evidence to support the court’s [judgment] as to the value of appellant’s interest in the jointly owned real estate, it is in error.” Id. The Hamaker court cited Baggett v. Baggett, 47 Ala.App. 539, 258 So.2d 735 (Civ.App.1972), as authority for its reversal.
In Baggett, the husband and wife owned a 79-acre farm and a one-acre parcel of land upon which was situated the marital residence. Baggett, 47 Ala.App. at 541, 258 So.2d at 736. After a trial, the trial court awarded the husband the 79-acre farm and the one-acre parcel with the marital residence; the trial court awarded the wife $3,500 as the value of her rights in the one-acre parcel. Id. The opinion did not reveal the value of the 79-acre farm, and the only testimony concerning the value of the one-acre parcel and the marital residence was hearsay testimony indicating that a third party had told the husband that the house was worth between $8,000 and $8,500. 47 Ala.App. at 543, 258 So.2d at 738. This court reversed the award of both the 79-acre farm and the one-acre parcel to the husband. In Baggett, we also noted that the 79-acre farm was jointly owned and that, therefore, the wife should be permitted an equitable division of that property or should otherwise be compensated. 47 Ala.App. at 542-43, 258 So.2d at 738. We also held that the $3,500 award to the wife in extinguishment of her joint interest in the one-acre parcel and marital residence was not “shown by the evidence to be a fair and equitable sum.” Id. We ordered that the trial court either order a sale for division or “by proper evidence determine the fair and equitable value of the interest of [the wife] in the real property.” 47 Ala.App. at 543, 258 So.2d at 738.
Although we recognize that, in most cases, we will not reverse a trial court unless the appellant “presents] sufficient evidence in the record before this court to show an abuse of discretion by the trial court in dividing the marital estate,” J.N.H. v. N.T.H., 705 So.2d 448, 451 (Ala.Civ.App.1997), the present case suffers from the same affliction as both Hamaker and Baggett. That is, like the situation in those cases, in this case there is no way to determine whether the division of the jointly held real property is equitable be *693 cause the value of the real estate, other than the value of the Cowarts house, which was ordered sold and the proceeds equally divided, and the value of the Baker Hill house, which was worth between $45,000 and $50,000, is unknown. Based on Ha-maker and Baggett, the husband has demonstrated error on the record' — the division of the real estate “is not shown by the evidence to be a fair and equitable” division. Baggett, 47 Ala.App. at 542-43, 258 So.2d at 737. The wife fails to distinguish either Hamaker or Baggett, and she does not advocate that we overrule those decisions. Therefore, we conclude that we must reverse the trial court’s division of real estate and remand the cause to the trial court for it to determine the value of the jointly owned real estate in accordance with Hamaker and Baggett.
In light of our reversal on the authority of Hamaker and Baggett, we do not address at this time the husband’s argument that the trial court’s property division is inequitable and fails to dispose of one parcel of the parties’ real estate.
Both parties’ requests for an attorney fee on appeal are denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, J., concurs.
MURDOCK, J., concurs in the result, without writing.
YATES, P.J., dissents, with writing, which THOMPSON, J., joins.

. The husband’s brief lists the property of the parties. He lists both a "Hollywood, Florida house” and a "Carver Ranches house.” One of his arguments on appeal is that the trial court erred by failing to award the Carver Ranches house to either party in the divorce; he also argued that the trial court should not have awarded the wife the Hollywood, Florida house. The deed to which he refers when discussing the Hollywood, Florida house describes property in "Lot 8, Block 9, Carver Ranches.” The deed conveying one of the *691 wife's houses to her three daughters refers to this same property. The husband's brief indicates that the wife conveyed both the Hollywood, Florida house and the Carver Ranches house to her daughters, and he refers to the same exhibit in the record — the deed mentioned above conveying the "Lot 8, Block 9, Carver Ranches” property. It is unclear whether the wife owned another house in Hollywood, Florida, or whether the two houses referred to in the husband’s brief are in fact the same house.