237 So.2d 511

Lucy Mae **LEDYARD**

v.

Clarence **LEDYARD.**

3 Div. 12.

Court of Civil Appeals of Alabama.

June 24, 1970.

Gray, Seay & Langford, Montgomery, for appellant.

THAGARD, Presiding Judge.

From a decree awarding a divorce to complainant-husband in the court below the respondent-wife (also cross-complainant) brings this appeal.

The decree awarded the custody of the two minor daughters of the parties to the mother with the proviso that "said custody to be exercised in the home presently owned by the parties, and under the general supervision of the mother of the Respondent, Mamie Moore." It required the husband to pay $35.00 per week through the domestic relations division of the circuit court to their maternal grandmother for the support of the children.

The decree gave the wife the title to the automobile that she was using and to the husband the automobile that he was using. It awarded to the wife possession of the jointly owned home of the parties until the last child shall marry or become self-supporting or reaches the age of twenty-one, at which time the dwelling shall be sold and the proceeds of sale divided equally between the parties. The dwelling was purchased in 1963. The title was taken jointly in the husband and wife. The purchase price was $17,000.00. The parties paid the closing costs of $500.00 and executed a mortgage for the purchase price. The record is silent as to the unpaid balance and the term of the mortgage, but the monthly payments are $105.85. The wife has been making the monthly payments since the separation.

The husband is a bricklayer. He earns between $6,000.00 and $7,000.00 per year. The wife is a social worker, connected with the poverty program at Auburn. Her salary is $650.00 per month.

The divorce was awarded on the ground of statutory cruelty. The wife, by her cross-bill, sought a divorce on the ground of voluntary abandonment. The decree does not mention the cross-bill and does not dismiss it, but that part of the decree awarding child custody and child support the title to the automobile, and the possession of the jointly owned dwelling to the wife was evidently granted under the prayer of the cross-bill.

Appellant makes eighteen assignments of error but they may be summarized as follows:

(1) The court erred in awarding a divorce to the husband on the ground of statutory cruelty.

(2) The court erred in denying a divorce to the wife under her cross-bill.

(3) The court erred in awarding only $35.00 weekly for the support of the minor children.

(4) The court erred in its failure to require appellee to pay the monthly mortgage installments on the dwelling in which his two children are living.

(5) The court erred in requiring that upon marriage, emancipation, or attainment to majority of the two children the jointly owned dwelling be sold and the proceeds equally divided between the parties.

(6) The court erred in its ruling that custody of the minor children shall be exercised in the home presently owned by the parties and under the general supervision of appellant's mother, and in directing that the support money be paid to appellant's mother, Mamie Moore.

(7) The court erred in failing to award appellant an attorney's fee.

(8) The court erred in taxing one-half of the costs against appellant.

The numbers above do not coincide with the numbers of the assignments of error. In our discussion of the issues we shall use our numbers.

We dispose of (1) and (2) together. The testimony was taken ore tenus. The evidence was in conflict, but there was testimony to the effect that appellant's conduct was such as to place appellee in reasonable apprehension of danger to his life or health. Title 34, § 22, 1940 Code of Alabama. The court heard and saw the witnesses and evidently believed the testimony of appellee. If appellee moved out because of reasonable apprehension engendered by appellant's threats to attack him with a butcher knife, obviously he was not guilty of *voluntary* abandonment. When the testimony is taken orally before the court, as here, it is our duty to affirm the trier of the facts if the "decree is fairly supported by credible evidence." Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308. We think the decree in this case is so supported.

As to assigned error (3), supra, pertaining to the alleged inadequacy of the award for the support of the children, we again hold with the trial court. The undisputed evidence is to the effect that appellee, a brickmason, earns between $6,000.00 and $7,000.00 per year. In order to do that he has the expense of transportation to and from Chicago each summer. The award constitutes at least one-fourth of his gross earnings and probably at least one-third of his earnings after taxes and expenses. On the other hand, appellant earns $7,800.00 per year and probably makes a neat profit from her car travel allowance. The children being her's, too, and her earnings exceeding that of the appellee, we do not think the entire burden should fall upon him.

We think there is merit in the assignments of error summarized under (4) and (5), supra. From the evidence as to the original amount of the mortgage and the amount of the monthly payments, we assume that the mortgage is a long-term one. The youngest child was nine years old when the separation occurred. Unless appellee voluntarily contributes to the mortgage payments, the wife will have made payments of interest and principal for some twelve years by the time the youngest child reaches her majority. But appellant must make the payments herself in order to protect her possession, unless appellee is required to participate. We hold that appellee should be required to reimburse appellant in the amount of one-half of the mortgage payments paid by her since the date of the separation and that each of the parties should pay one-half of the installments hereafter accruing. Thereby, appellee will be paying one-half of the interest for the use of the home by his children, and that part of the principal paid by him will be returned upon the sale of the dwelling as ordered by the court. The trial court is directed to order a reference or hold a hearing for the purpose of determining the amount of the mortgage installments paid by appellant since the separation.

We hold that there is no merit in the assignment of error hereinabove summarized as (6). True, as argued by appellant, Mamie Moore is not a party to the

litigation, but the evidence shows that appellant, the mother of the children, is at Auburn attending to the duties of her job, while her mother cares for the children in their Montgomery home. The decree simply provides for the continuation of the status quo insofar as the custody of the children is concerned. Of course, the court's decree does not impose a duty upon the grandmother to care for the children. If at any time she wishes to renounce and relinquish the responsibility she will be free to do so. Likewise, we find no error on the part of the court in ordering that the support payments be made to the grandmother. Both parents seem to be satisfied that the grandmother is doing a good part by the children. As far as the record discloses, the relationship between appellant and her mother is harmonious. In providing housekeeping expense money to her mother, appellant may take into account the $35.00 per week paid by appellee. We think this proviso will tend to keep the appellee from complaining that the children are not getting the benefit of the money.

■ By assignment designated by us as (7) appellant complains of the failure of the trial court to award an attorney's fee. We have found no statutory provision for the awarding of attorney's fees to the wife, but the cases seem to hold that such an award *may* be made under Tit. 34, § 30, 1940 Code of Alabama, which says that "the court *may* make an allowance for the support of the wife out of the estate of the husband, suitable to his estate and the condition in life of the parties for a period of time not longer than necessary for the prosecution of her bill for divorce." (Emphasis supplied.) The appellant offered no evidence as to the reasonable value of the services of her attorney. In Jeter v. Jeter, 36 Ala. 391, 405, the court in reversing that part of a divorce decree awarding an attorney's fee to the wife said:

"The allowance of a solicitor's fee stands upon a different footing. That must be restricted to the actual reasonable value of the services rendered, or to be rendered. The chancellor, therefore, erred in allowing the fees of the wife's solicitors, without proof as to their proper amount, and without an inquiry through the register. The chancellor did not have before him the facts necessary to enable him to determine the amount of the fees. 2 Barb. Ch. Pr. 268."

Furthermore, we think the language of Tit. 34, § 30, leaves to the sound discretion of the court the question of awarding to the wife the expenses of her litigation, as it plainly does the question of awarding temporary support money. Appellant might have insisted upon the holding of a reference and the awarding of a solicitor's fee before proceeding further with the litigation but elected not to do so. We hold there is no merit in this assignment of error.

■ Finally, appellant assigns as error that the court taxed the costs equally against both parties. Equity Rule 112 authorizes the trial court to tax the costs against either or both parties. In Killingsworth v. Killingsworth, supra, the court held that the trial court did not abuse its discretion in decreeing that the costs be paid from the proceeds of jointly owned property, thereby indirectly taxing the wife with one-half of the costs. We so hold in this case.

The costs of this appeal will be taxed against appellee.

Let this cause be affirmed in part and reversed and remanded in part with directions to the trial court to hold such further proceedings as may be necessary to reframe its final decree in conformity with this opinion.

Affirmed in part and reversed and remanded in part with directions.