WRIGHT, Presiding Judge.
This is a divorce case.
Plaintiff and defendant were married originally in 1953. They were divorced in March, 1975. They remarried in November 1975. They separated again in August 1977. The husband filed for divorce in September 1977. The wife answered and counterclaimed seeking a divorce, alimony and attorney fees. After hearing the evidence, the court entered judgment for divorce in February 1978.
The first issue presented is whether the failure to award the wife alimony in gross was an abuse of discretion.
The evidence showed as follows: At the time of the divorce in 1975, the parties entered into an agreement. The court incorporated the agreement into the judgment for divorce. The agreement was for a property settlement of all the real and personal property of the marriage. It was completed by transfer of jointly held title, one to the other and the fulfillment of all mutual obligations. There was no nullification of that agreement when the parties remarried. Neither party had acquired any additional real or personal assets of any material value since the agreement and during the new marriage. The only change had been that the business of the husband had improved in volume if not in profit. He continues to draw the same wages. The income of the wife has increased from $6,900 to $10,000 per year. There are no minor children. The savings account given to the wife in 1975 has slightly increased and is now over $5,000. The wife is age 44 and the husband is age 45. There is no evidence but that she is in good health. The husband has a heart ailment.
We have carefully examined all the evidence. We are unable to find any substantial difference in the situation of the parties at the end of the brief second marriage than when they began it. Each could be said to be slightly better off financially at the end than at the beginning. There is no contention by either party that the rights and titles derived from the first divorce were in any manner affected or nullified by the second marriage. We do not believe the facts and the law would support such contention. Williams v. Williams, 261 Ala. 328, 74 So.2d 582 (1954). It is the considered opinion of this court that the trial court did not abuse its discretion in failing to award to the wife alimony in any form. Plaskett v. Plaskett, 348 So.2d 784 (Ala.Civ.App.1977).
*1032 The second issue presented is whether the court erred in failing to award attorney fees to the wife. The award of attorney fees is controlled by the same principle of law as is the award of alimony. It is a matter for the exercise of the judicial discretion of the trial court. Novak v. Novak, 339 So.2d 77 (Ala.Civ.App.1976). As in the matter of alimony, we find no abuse of discretion under the facts of this case.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.