HOLMES, Judge.
This is a divorce case.
The wife appeals and contends that the trial court erred in its award of child support and in the division of property. We find that the trial court did not commit reversible error in the award of child support, but did err in the division of property. We, therefore, affirm in part and reverse and remand in part.
It is not necessary to set out in detail the facts. Viewing the record with the attendant presumptions, we find the following: The parties were married in 1960. The union produced three children. The husband is employed as a photographer and earns less than $10,000 per year. The wife is employed as a teacher and with other income earns in excess of $15,000 per year. In addition to the above, there is testimony that the husband owes his employer over $25,000.
The trial court’s decree in parts pertinent to this appeal awarded custody of the children to the wife and required the husband to pay $50 per week as child support. In addition, the husband was ordered to provide hospitalization insurance on behalf of the children and pay all private school tuition and expenses for the children. Certain property, both real and personal, was awarded to each of the parties. The wife was awarded the use of the homeplace during the minority of the children. Thereafter, the homeplace was to be sold and the proceeds equally divided between the parties. The wife, in the decree of divorce, was required to make the mortgage payments on the homeplace during the minority of the children.
Much discretion is left with the trial court in determining the amount to be paid for support of the children. See Whiteport v. Whiteport, 283 Ala. 704, 220 So.2d 891 (1969); 8 Ala.Digest Divorce @=296. In view of the facts, as indicated above as they relate to child support, we find no abuse of discretion so as to require reversal.
We do find reversible error in the disposition of the homeplace.
As indicated above, the wife was allowed to live in the homeplace during the minority of the children. Thereafter, the homeplace was to be sold and the proceeds from the sale to be equally divided. The wife, however, was required to make the mortgage payments on the homeplace during the minority of the children,[1] i. e., until the house was sold. We find this aspect of the decree is impermissible.
In Bailey v. Bailey, Ala.Civ.App., 345 So.2d 304 (1977), this court held that where the homeplace was awarded to the husband, who was awarded custody of the minor children, for his use during the minority of the children at which time the property was to be sold and the proceeds equally divided, was error. We found in Bailey, supra, that such a decree was in effect a directive that the wife pay the former husband alimony. This was so because the husband acquired the use of the wife’s one-half interest in the *78 home during the children’s minority and thus she was contributing her property for his maintenance and support. The law of Alabama does not permit an award of alimony to the husband. See Davis v. Davis, 279 Ala. 643, 189 So.2d 158 (1966); Baggett v. Baggett, 47 Ala.App. 539, 258 So.2d 735 (1972).
The reasoning of Bailey applies equally well here. If the award of the use of a wife’s one-half interest in jointly held property to the husband during the minority of the children in Bailey was in effect an award of alimony, then clearly the award in this instance, which requires the wife to make the mortgage payments on the home-place with the homeplace to be sold at a later date with the proceeds to be equally divided, is an award of alimony to the husband.
A similar, but not exact situation as we now consider, was before this court in Ledyard v. Ledyard, 46 Ala.App. 27, 237 So.2d 511 (1970). However, in Ledyard, supra, the wife was not required to make the mortgage payments. Even so, this court held such an award to be impermissible and reversed. The solution suggested by this court in Ledyard, or some similar type of solution as the trial court might determine, is indicated in this instance.
In view of the above, we have no alternative other than to reverse and remand the case as it relates to the entire division of property.
In considering an appropriate division of property, the trial court should keep in mind what we have stated herein.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.

. Approximately thirteen years.