This case is principally concerned with child support.
On appeal, four issues are involved: (1) an adjudication of the defendant-father to be in contempt of court for failing to pay child support and medical expenses of his children; (2) a denial of the defendant's petition to reduce his child support payments; (3) a requirement that he notify his attorney of any increase in income, with the attorney being required to notify the court, the plaintiff's attorney and the plaintiff of any consequential income increase; and (4) the award of $1,250 in fees to the plaintiff's attorney. While other issues were either settled by the parties or decided by the court, they are not raised in this appeal. Consequently, we shall limit the factual recital to some of those facts pertinent primarily to these four issues and which tend to uphold the judgment of the circuit court.
The trial court in its March 21, 1977 judgment which divorced the parties approved their agreement whereby the defendant, as to the times now applicable, agreed to pay $350 per month for the support of the two minor daughters, to pay all of their medical and dental expenses, and to keep them insured by a medical insurance policy. On July 10, 1978 the defendant was adjudged to be in contempt of court and was ordered to pay $2,400 in child support arrearage and $172 to the ex-wife to reimburse her for her payment of some medical expenses of the children.
At the February 4 and 5, 1980 trial, it was stipulated that when the defendant applied for a loan in May 1979, he estimated that his personal gross income for 1979 would exceed $50,000, and he stated his prior gross and net incomes to have been in 1978, $35,000 and $21,915, and in 1977, $25,000 and $14,515. In 1979 his business gross receipts were $190,029, with a net profit of $9,291 after deducting expenses which included equipment depreciation of over $35,000. Apparently a large portion of the depreciation which was deducted was personally expendable by him.
Immediately after the divorce the defendant resided in a mobile home which he owned outright. He remarried, has one natural child by his new marriage, and has adopted his present wife's son. *Page 117 
Since the divorce the defendant purchased a home for $58,500, borrowing $52,650, with his monthly mortgage payments being $507. He also purchased much new furniture for the home, a farm with $150 per month payments on the purchase price, an adjoining lot to his home for $5,500 with mortgage payments thereon being $65 each month, a new car upon which he pays $154 per month and much logging equipment. He supposedly sold that equipment two weeks prior to the last trial to two friends when they agreed to pay the debts against it.
The plaintiff's average monthly expenses in the winter for herself and the girls increased from $712 at the time of the divorce to $1,130 in February 1980, with her summer expenditures being elevated an additional $38. Her total monthly income was $916, consisting of net wages of $543, $350 for child support and interest income of $23. Because of a temporary reduction in force by her employer, she was unemployed at trial time, but expected to shortly commence drawing unemployment compensation of $90 per week. It has been determined that the oldest daughter suffers brain damage which necessitates increased expenditures on her behalf.
 I
It is not contested that the defendant failed to pay child support of $350 which was due in September 1978, and that he further did not pay the aforesaid sum of $172 to plaintiff to reimburse her for children's medical expenses until February 4, 1980. The trial court held that the defendant was in contempt of court as to each item.
An appellate review of a judgment of contempt is by way of an appropriate extraordinary writ and not by appeal. 4A Ala. Digest, Contempt § 66 (1). However, we have searched the record and find that there was legal evidence which supported the trial court's judgment. Brady v. Brady, Ala.Civ.App.,358 So.2d 744 (1978). We find no fault with the defendant's contention that inability to pay is a complete defense to such contempt proceedings, but we cannot hold that the trial court incorrectly ascertained that the defendant had possessed the means to meet such obligations.
 II
The attorneys agree that the mother should assist in supporting the two children. We concur and reaffirm that principle of law as stated in Thomason v. Thomason, 53 Ala. App. 206, 298 So.2d 627 (1974) as follows:
 However, if the evidence in a case indicates such primary responsibility is incapable of being performed, we know of no law, antiquated or otherwise, which prevents requirement of support or contribution thereto by the mother if she is shown capable of providing it.
See also Ledyard v. Ledyard, 46 Ala. App. 27, 237 So.2d 511
(1970). Divorced parents owe a duty to reasonably support their children according to the needs of the children and consistent with the means of the parents. In the present case, as well as in almost every case where the ex-wife is employed and has primary custody of children, it appears that the mother has contributed considerably towards the support of the children corresponding to her ability to do so. We have observed from support cases appealed to this court that, where both divorced parents have incomes, it is now rare when the support required from the divorced father closely approaches meeting the total monetary needs of the child. Undoubtedly this has evolved and has been occasioned by the equal protection provision as well as the self-emancipation of the female from the home to the job and the present ability and necessity of the respective parents to now each contribute to the support of their children.
The needs of the children and the means of the parents determine whether a modification of child support on the basis of changed conditions should be granted. The trial court has a discretion to exercise in child support modification cases, and its judgment will not be disturbed on appeal *Page 118 
unless the evidence shows it to be plainly and palpably wrong.Childress v. Childress, Ala.Civ.App., 378 So.2d 1147 (1979);Murphree v. Murphree, Ala.Civ.App., 366 So.2d 1132 (1979). No error was committed by the circuit court in refusing to reduce the defendant's child support payments, for the trial court was not amiss under the evidence heard by it at the trial. There was much evidence to support the judgment.
 III
When the sale of the defendant's logging business to his two friends occurred, the friends did not pay anything for his equity. They agreed to make future payments on the equipment, which was to remain in his name. He was to operate the business for them for $300 per week. During the trial, the judge voiced strong doubts concerning the bona fides of the sale. As contended by the plaintiff, this readily could have been the reason that the defendant is required to notify his attorney when he receives an increase in his income. This is not an unreasonable requirement nor burden after considering all of the evidence. Of necessity, a trial court has considerable discretion and the power to utilize any legitimate reasonable means in effecting justice between the parties, presently and in the future.
 IV
The plaintiff requested attorney's fees in her amended contempt petition, but no additional pleading expressly asked for any such fees as to any other aspect of the case. This litigation was tried as if a prayer for an allowance of attorney's fees had also been properly filed as to her petition for an increase in child support and as to her defense of her ex-husband's petition to reduce child support. Without objection from the defendant, expert testimony was taken as to the reasonableness of a fee and the plaintiff's counsel testified as to services rendered. At the conclusion of the trial, when the court announced that one of the issues to be decided was the matter of her attorney's fees and when it stated that it would fix such fees at $1,250 for the defendant to pay, no objection whatsoever was made that they had not been claimed. In short, that issue was tried as if proper requests for fees of the plaintiff's attorney had been filed in every instance. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." ARCP, Rule 15 (b). Except as to parties in default, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." ARCP, Rule 54 (c).
In cases of this nature, the issue of whether a party shall pay the fee of an ex-spouse's attorney, or any portion thereof, is discretionary with the trial court. Such discretion will not be revised on appeal except where it is abused. 8 Ala. Digest,Divorce § 223. The fee was not excessive, the award being for less than $30 per hour for time expended and being only 62.5% of the total amount testified to at the trial. We find no abuse of discretion.
This case is affirmed.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS, while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 119