This is a divorce case.
The wife appeals, contending that the trial judge abused his discretion in the division of property, in failing to award periodic alimony, and in failing to award the wife's attorneys a fee.
We reverse in part and affirm in part.
Viewing the record with the attendant presumptions, the following facts are pertinently revealed:
The parties were married for eighteen years. They were divorced on ground of incompatibility. Custody of the two minor children was first awarded to the wife, but the record before this court reflects a modification of the custody decree since the divorce. The husband now has custody of both children.
The husband is a physician engaged in the general practice of medicine. He had a gross income of approximately $300,000 in 1979. However, for the past few years he has suffered from heart abnormalities and severe depression. Prior to the divorce, the husband cut his patient load in half. This action was upon advice of his doctors, who warned that failure to do so would kill him. The husband is now expected to earn a disposable income of about $40,000 a year.
The wife is approximately forty years old. She has a college degree, apparently in *Page 231 
Home Economics with emphasis on interior design, and had begun a training program for interior designers shortly before the parties married. She never completed the training program. During the marriage, the wife was a homemaker, never working at any job outside the home.
The parties accumulated a substantial amount of jointly owned property, including a residence valued at $295,000, with an outstanding mortgage of $33,000, two parcels of undeveloped land in Gulf Shores, valued at $156,000, various pieces of silver, cut glass, works of art, etc., valued at $100,000, and several life insurance policies.
The parties were ordered to sell the above described realty and to divide the proceeds equally. Assuming that the real estate is sold at the values stated above, the wife will receive approximately $200,000 from the sale of the property. The parties agreed that the wife would get $75,000 worth of silver, etc. The court awarded the wife life insurance with a cash value of $4,300 and lump sum alimony in the amount of $9,600 to be paid in equal installments for one year. In addition, she will keep her jewelry valued at $26,380 and her car, valued at $6,500.
In addition to his one-half share of the jointly owned real estate, the court order allowed the husband to retain a forty acre farm valued at $140,000, with a mortgage of $69,000, a parcel of land in Gulf Shores which he owned individually, valued at $45,000, a gold bar valued at $55,800, $25,000 worth of silver, etc., various bank accounts and life insurance policies, a car and a truck. The husband also retained his interest in a high risk investment, Warrior Drilling, and remains responsible for certain debts of the parties. His assets, excluding his life insurance policies, retirement fund and automobiles, are valued at approximately $425,000. He has liabilities of over $100,000.
The first issue is whether or not the trial judge abused his discretion in the division of property.
The division of property pursuant to a divorce is a matter within the sound discretion of the trial court and will not be disturbed on appeal except upon a showing of plain and palpable abuse. Ray v. Ray, Ala.Civ.App., 379 So.2d 627 (1980); 8 Ala. Digest, Divorce Key 286 (5). An equal division of property is not required. Pettis v. Pettis, Ala.Civ.App., 334 So.2d 913
(1976). The division should be graduated accordingly to the nature of the case. Lindsey v. Lindsey, Ala.Civ.App.,361 So.2d 601 (1978).
In the instant case the parties own a substantial amount of valuable assets. However, the husband's poor health has forced him to drastically reduce his workload, which has caused a correlative reduction in his income.
The wife contends that the husband has purposefully handled his financial matters in such a way as to diminish his net worth prior to the divorce. For example, the wife notes that after an unpleasant vacation, the husband sold bonds with a face value of approximately $255,000.
The husband testified that he "lost" $26,540 on the bonds. The proceeds from the sale were then apparently invested in the commodity market. The husband closed his commodity market account early in 1980. Although the exact amount of proceeds he finally received cannot be clearly ascertained from the record, the husband testified that he spent the proceeds as follows: $124,682 was applied to his debt at Warrior Drilling; $61,710 was used to purchase a gold bar; $7,000 was paid to his attorney; $15,000 was paid to his broker; and $12,225 was deposited in his savings account. In addition, he received $24,000 in cash. Several thousand dollars are unaccounted for.
As indicated above, the court order awarded the wife assets valued in the neighborhood of $300,000. Under one view of the evidence, as indicated, the husband received, after deduction of liabilities, assets of approximately the same value.
In view of the above, we do not find an abuse of discretion in the division of property. This is particularly so in light of the *Page 232 
fact that the husband has custody of the children. The division of property is affirmed.
The next issue is whether or not the trial court erred in failing to award the wife periodic alimony.
An award of periodic alimony is a matter within the judicial discretion of the trial court. Reynolds v. Reynolds, Ala.Civ.App., 376 So.2d 732 (1979). An exercise of that discretion will not be reversed except for palpable abuse.White v. White, Ala.Civ.App., 374 So.2d 335, writ denied, Ala.,374 So.2d 337 (1979).
In this case the parties were married for eighteen years. The wife took college courses in interior design, but has no work experience. She does have excellent social connections as a result of her marriage which should be beneficial to an interior decorator. Whether the wife will be self-supporting in the immediate future, however, remains to be seen.
The wife has been awarded a seemingly generous property settlement. Nevertheless, a portion of that settlement is composed of jewelry, silver and the like, which have sentimental value.
The major portion of the award, as stated earlier, to the wife is comprised of one-half the value of several parcels of real estate. The parties' marital home is on one of those parcels. The home, located in Prattville, Alabama, as indicated above, has been valued at $295,000.
If the various parcels of real estate sell at a price equal to or higher than the values assigned them, the wife will have a sizeable fund to invest which will produce a substantial annual income for her.
Specifically, the wife will have approximately $200,000 to invest if the real estate sells at prices equal to the values given above. In addition, the wife will have alimony in gross payable at the rate of $800 per month for one year and $4,300 which is the cash value of the insurance policies awarded to her. She will also have jewelry valued at over $25,000 and silver and cut glass, etc., valued at $75,000.
On the other hand, if the proceeds from the sale of the real estate do not to some extent substantially meet or exceed the values assigned the property, she will not have the stated funds to invest. The wife, in this case, does not have the training and experience which would enable her to obtain the type employment necessary to produce an income commensurate with the standard of living to which she is accustomed. See,Smith v. Smith, Ala.Civ.App., 369 So.2d 1235 (1979).
In view of the fact that the extent of the wife's disposable assets will not be known until the real estate has been sold, we find the trial court erred in not at least reserving the right to award periodic alimony. As circumstances dictate, this provision of the decree can be appropriately administered by the learned and distinguished trial judge. We therefore reverse on this ground.
The last issue is whether or not the trial court erred in failing to award the wife's attorneys a fee for their representation of the wife at trial.
The allowance of attorneys' fees in divorce matters is within the sound discretion of the trial court. Shell v. Shell,48 Ala. App. 668, 267 So.2d 461 (1972). The court's exercise of the discretion will not be reversed on appeal in the absence of abuse. Smith v. Smith, Ala.Civ.App., 365 So.2d 88 (1978).
In the instant case, there was no evidence presented as to the value of the services of the wife's attorneys. The trial court will not be reversed for failing to grant relief for which there has been no evidence presented. Cinader v. Cinader, Ala.Civ.App., 367 So.2d 487 (1979); Ledyard v. Ledyard,46 Ala. App. 27, 237 So.2d 511 (1970). We affirm the trial court on this ground.
This court is aware that the wife made a post trial motion to reopen the case apparently for the purpose of taking testimony concerning attorneys' fees. However, no action was taken on this motion. A trial *Page 233 
judge may not be put in error if he has made no ruling; hence, no error. Dennis v. Scarborough, Ala.Civ.App., 372 So.2d 357
(1979); 2 Ala. Digest, Appeal Error Key 242 (1).
The wife has requested a fee for representation on appeal. A fee of $750 is awarded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and BRADLEY, J., concur.