This is a divorce case.
The trial court after an ore tenus hearing divorced the parties, made an award of alimony in gross to the wife, and required the husband to pay child support. The parties agreed upon a division of property.
The wife appeals, contending in effect that the trial court erred in failing to award periodic alimony. We find error in the trial court's action and reverse.
Viewing the record with the attendant presumptions accorded the trial court's action, the following is pertinently revealed:
The parties to this action were married twenty-seven years. There were two children born of the marriage, the oldest twenty-one years old and the youngest fifteen.
At the time of the divorce hearing, the wife was fifty-one years old. The wife has a high school education. She worked full time during the first years of marriage, but subsequently gave up regular employment, working only from time to time at various jobs such as selling "Avon" cosmetics and trading at flea markets. During this time, the wife took care of the house and the children. At the time of the divorce hearing, the wife had been employed for the past year and a half as a "linen buyer" at a department store. Her net weekly pay amounts to $103.46.
The husband works as the advertising manager for Martin Industries and has been employed there approximately twenty years. The husband's gross pay is $2,915 per month. From that amount the husband takes home $1,280 per month. We note, however, that some $400 of the money deducted from the husband's monthly check is deducted at the husband's request to cover, at least in part, the daughter's college expenses and "emergency funds." At the time of the hearing the daughter was expected to graduate in less than a year.
The marital home is worth somewhere between $167,000 and $195,000 with a mortgage of approximately $13,000. Shortly before the divorce, the parties purchased a lake front lot worth approximately $40,000. There is a mortgage on the lot for almost that same price. In addition to the two mortgages, the husband testified that he has borrowed approximately $6,000 on his insurance policies and some $2,500 from his father. The husband also borrowed $2,000 from his credit union, that debt being deducted from his pay check at the rate of $200 a month.
With the above before it, the trial court entered a decree providing as follows:
As indicated, the parties agreed to a division of property whereby each acquired certain items of household and personal property. Additionally, the wife received a 1973 Cadillac automobile and the husband got a 1973 Gremlin automobile and a 1968 pickup truck. The trial court ordered the wife to deed all of her interest in the lake lot to the husband with the husband responsible for the mortgage. The court also ordered that the marital house be sold for not less than $167,000 and the proceeds divided equally after the mortgage and certain other expenses were deducted.
The trial court's decree also required the husband to pay $250 per month as child support for the one minor child.
Additionally, and most pertinently, the husband was required to pay $200 per month as "periodic alimony" beginning in *Page 569 
May 1983 and continuing for a period of five years.
We note that the trial court and both parties refer to the award of alimony as being periodic alimony; however, the award is more properly alimony in gross. The specific designation of an alimony award as being in gross is not necessary; the lack of such a label will not defeat a provision which in substance provides for an award of alimony in gross as part of a property settlement. In other words, the substance of the award takes precedence over the form or label. Hartsfield v. Hartsfield,384 So.2d 1097 (Ala.Civ.App. 1980). For alimony to be in gross it must satisfy two requirements, (1) the time of payment and the amount must be certain, (2) the right to alimony must be vested. Ex parte Hager, 293 Ala. 47, 299 So.2d 743 (1974). In the present case, clearly the time and amount of payment are certain and it is apparent to this court that the award is not modifiable and hence "vested." It is therefore clear to this court that the award qualifies as alimony in gross.
In view of the above, the dispositive issue is whether the trial court erred in failing to award periodic alimony.
It is well known that the award of alimony is within the sound discretion of the trial court and its decision will not be disturbed on appeal absent plain and palpable abuse of that discretion; however, the trial court's decision is subject to appellate review and revision. Davis v. Davis, 274 Ala. 277,147 So.2d 828 (1962).
Considering the trial court's decision on the interrelated matters of child support, alimony, and property division along with the particular facts and circumstances of the case, this court cannot say that the trial court erred in failing to award a specific amount as periodic alimony. In other words, after consideration of all the evidence and all other reasonable inferences drawn therefrom, this court cannot say that the trial court was plainly and palpably wrong. Austin v. Austin,408 So.2d 138 (Ala.Civ.App. 1981); Peterson v. Peterson,403 So.2d 236 (Ala.Civ.App. 1981), writ denied, 403 So.2d 239 (Ala. 1981). To do so would be to substitute our judgment for that of the trial court. This the law does not permit. Allen v. Allen,385 So.2d 1323 (Ala.Civ.App. 1980). However, we find that the trial court erred in not at least reserving the right to award periodic alimony in the future. We therefore reverse on this ground. Parker v. Parker, 392 So.2d 229 (Ala.Civ.App. 1980).
The wife's limited earning capacity, her age, the husband's ability to earn, the length of the marriage, and the property division are such that while the trial court did not err in failing to award periodic alimony, it was error at least not to reserve the right to award periodic alimony. Although the wife could receive, under one view of the evidence, some $70,000 on the sale of the marital home, it is not certain when or if this sum will in fact be realized. Considering the above with the wife's precarious economic status, to wit, minimum wage earner, of somewhat advanced age, the failure to reserve the right to award periodic alimony is reversible error. See Parker v.Parker, 392 So.2d 229 (Ala.Civ.App. 1980). Needless to say, all other aspects of the learned trial judge's decree are affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THE ABOVE.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1012