This is a divorce case.
After an ore tenus hearing, the trial court divorced the parties and effected a property division. The trial court did not award the wife periodic alimony or requested attorney's fees. The wife appeals.
Viewing the record with the attendant presumptions, the following is revealed: *Page 976 
The parties to this case are in their fifties. They were married some thirty years and had two children, both adults at the time of the hearing.
When the parties first married, they had very little in the way of material things, but over the years they were able to improve their financial situation and by the time of the divorce they had accumulated considerable property. They both attended high school and the husband worked in the coal mining business most of the marriage. Although the evidence indicates that the husband's income varies from year to year, it can be said that he earns approximately $20,000 a year net.
The wife has worked outside the home during most of the marriage as well as keeping the homeplace and raising the children. At the time of the divorce, the wife was employed at a bank, earning approximately $9,000 yearly. In addition, the parties had other sources of income, most notably 10% of an estate that consists of land producing mineral royalties. There was testimony from the husband that both parties would receive as much as $150,000 from the mineral royalties alone. There was evidence that almost 500,000 tons of coal reserves are in the estate and it was stipulated that each party had received $13,450 from November 1982 through May 1983, as their share of royalties.
There was quite a bit of evidence concerning the husband's misconduct which this court will not detail. Suffice it to say that the husband committed some acts of adultery and physical cruelty spanning a period of several years, lasting up until the parties separated.
After hearing all the evidence, the trial court, in effect, equally divided the parties' property between them. The husband was awarded an 81-acre farm in Walker County and two additional acres also in Walker County. The husband also received several vehicles, tractors, and other farm equipment along with other personal property. The wife received thirteen acres of land in Walker County and two lots in Florida. In addition, the wife received a 1980 automobile and a 1976 station wagon, household furniture, a riding mower, a travel trailer, $2,000 in savings, church bonds, and a $5,000 certificate of deposit, among other items of personal property. Both parties got to keep their interest in the 10% of the estate mentioned previously. The parties had divided the 10% equally before the divorce.
The wife now appeals, contending through able counsel that the trial court abused its discretion in failing to award periodic alimony and in dividing the property. The wife also contends that the trial court erred in refusing to award an attorney's fee.
It almost goes without saying that in the areas of alimony and property division, such matters fall within the sound judicial discretion of the trial court and the trial court's decision in regard to these subjects will not be disturbed on appeal absent a plain and palpable abuse of discretion. Perkinsv. Perkins, 419 So.2d 593 (Ala.Civ.App. 1982). Also well-known is the ore tenus rule that, where the trial judge personally heard the evidence, the judgment appealed from is presumed correct on appeal and may not be altered if it was supported by legal evidence, unless the trial court's decision was palpably wrong. Perkins v. Perkins, 419 So.2d 593 (Ala.Civ.App. 1982).
Each case must be decided on its own facts and circumstances; there are no fixed standards for dividing the parties' property. In making an equitable division of property, some factors to be considered are the future prospects of the parties, their ages, sex, health, station in life, length of marriage, and the conduct of the parties in regard to the cause of the divorce. Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App. 1980).
Considering all of the evidence, this court cannot say that the trial court's decision regarding periodic alimony and the division of property was plainly and palpably wrong.
In large measure, both parties received a fairly equal dollar value on the division of property with the wife receiving *Page 977 
the larger share. The wife also can expect to realize a steady income from her 5% of the estate mentioned above. The wife has a job paying a regular income albeit at somewhere around minimum wage or below. The wife's earning capacity is not as great as the husband's; however, her standard of living should not fall appreciably below what she enjoyed during the marriage, if any.
In view of the above, this court cannot say that the trial court abused its discretion in the division of property. The wife received somewhat more than half of the parties' assets. Giving the presumptions accorded the trial court due regard, we are not prepared to say that the division of property is inequitable.
The same facts and analysis can be applied to the trial court's decision not to award the wife periodic alimony. The equitable division of property, the wife's income from her job, and her share of the mineral royalties mentioned earlier are all factors that support the trial court's decision. As stated previously, the wife's standard of living, or station in life, should remain at about the same level as before the divorce.
It has been held that the purpose of the alimony statute is to preserve, insofar as possible, the economic status quo of the parties as it existed during the marriage. § 30-2-51, Ala. Code (1975); Madden v. Madden, 399 So.2d 304 (Ala.Civ.App. 1981).
Even though the husband's misconduct might be considered substantial, the failure to award periodic alimony is somewhat offset by the equitable division of property and the wife's separate estate and income. For this court to say that the husband's misconduct warranted an award of periodic alimony would be, in view of the circumstances and the presumptions accorded the trial court, to substitute our judgment for that of the trial court. This the law does not permit. Allen v.Allen, 385 So.2d 1323 (Ala.Civ.App. 1980). However, we do find that the trial court erred in not at least reserving the right to award periodic alimony in the future. We therefore reverse on this ground. Parker v. Parker, 392 So.2d 229 (Ala.Civ.App. 1980).
The wife's limited earning capacity as compared to the husband's, the wife's age, the length of the marriage, and the husband's misconduct indicate to this court that the trial court should have at least reserved the right to award periodic alimony in the future. This is so, especially in view of the fact that the wife's interest in the 10% estate mentioned above constitutes a major source of her income and there is no assurance on how long this might continue. Reserving the right to award alimony would be more in line with the above-stated policy of the alimony statute in holding the economic status quo of the parties.
The wife next contends that the trial court erred in refusing her request for attorney's fees. We do not agree.
An award of attorney's fees rests in the sound discretion of the trial court which must consider, among other factors, the earning capacity and the financial circumstances of the parties. Gilliland v. Gilliland, 422 So.2d 299 (Ala.Civ.App. 1982). In view of the foregoing, we do not find that the trial court abused its discretion in refusing to award attorney's fees. The award of attorney's fees is controlled by the same principle of law as is the award of alimony. It is a matter for the exercise of the judicial discretion of the trial court. Dayv. Day, 360 So.2d 1030 (Ala.Civ.App. 1978). In view of the wife's somewhat "better than average" financial situation after the divorce, this court cannot say that the failure to award attorney's fees is error requiring reversal.
On appeal, the wife requests an attorney's fee. Considering the entire facts and circumstances and in light of the trial court's actions and what this court has said above, an award of $1,000 is hereby made. The husband's request for attorney's fees is denied.
This case is affirmed in part, reversed in part, and remanded with directions for the trial court to reserve the right to award periodic alimony. *Page 978 
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and BRADLEY, J., concur.