HOLMES, Judge.
This is a divorce case.
The trial court, after an ore terms hearing, divorced the parties, effectuated a division of property, reserved the right to award periodic alimony at some future time, and awarded the wife an attorney’s fee.
The wife, through able counsel, who has favored this court with an excellent brief, appeals. The wife contends on appeal that the trial court erred in failing to award a specific sum as periodic alimony or, alternatively, a sum as alimony in gross. We find no error requiring reversal and affirm.
The pertinent facts are that the parties were married over twenty years. By virtue of the apparent labor of both parties and considerable assets inherited by the wife, the parties accumulated a “marital estate” in excess of $900,000. Apparently, the husband’s present employment income is about $63,000 a year. The wife had an employment income from Speedy Print, a business that she operated and managed, until the parties sold Speedy Print in September 1983.
The trial court made a division of property wherein the wife received assets of approximately $450,000 and the husband received assets of approximately $450,000. Included in the wife’s assets are the proceeds from the sale of Speedy Print. The monthly payments from this sale to be received by the wife are in excess of $1,000.
In large measure the trial court’s action was to award the husband an on-going business, Autocast, and certain other assets. The trial court awarded the wife the marital residence, the interest in the Florida condominium, and other assets. Additionally, as previously indicated, the wife was awarded all the proceeds due from the sale of Speedy Print, to wit, $1,056.87 per month on a sixty-month promissory note with a face value of $47,500.
*428 Additionally, the wife was to be named beneficiary of an $85,000 life insurance policy to be maintained by the husband.
As indicated, the trial court reserved the right to award periodic alimony at some future date.
The dispositive issue on appeal, as previously mentioned, is whether the trial court abused its discretion in the areas complained of by the wife, i.e., periodic alimony or, alternatively, the failure to award a specific sum as alimony in gross.
The cases are legion which hold that such matters in divorce cases are subjects which fall within the sound judicial discretion of the trial court and that the trial court’s decision thereon will not be disturbed on appeal except where such discretion was plainly and palpably abused. See Hilton v. Hilton, 385 So.2d 640 (Ala.Civ.App.1980), and Dunnam v. Dunnam, 381 So.2d 654 (Ala.Civ.App.1980) (discussing periodic alimony as within judicial discretion). See also Mitchell v. Mitchell, 351 So.2d 602 (Ala.Civ.App.1977), and Huggins v. Huggins, 57 Ala.App. 691, 331 So.2d 704 (1976) (discussing alimony in gross as within judicial discretion).
We also call to the attention of interested parties Parker v. Parker, 392 So.2d 229 (Ala.Civ.App.1980), a case having some similar traits as the instant appeal. In Parker this court reversed the trial court’s action in failing to reserve the right to award periodic alimony. As indicated, the trial court in the instant case did reserve the right to award periodic alimony.
In the present case, in view of the apparent value of the assets awarded to the wife and the characteristics of certain assets awarded to the wife, i.e., the monthly proceeds from Speedy Print, we find the trial court’s action, contrary to the able protestations of the wife, to come within the parameters of judicial discretion. We do note that, but for the reservation of the right to award periodic alimony at some future time, this court would in all candor have found error. Cf Parker, 392 So.2d at 232.
We assume that, when circumstances change, e.g., the cessation of the aforesaid monthly payment, the trial court will, if appropriate, consider an award of periodic alimony.
However, at this time for this court to reverse would in our opinion be to substitute our judgment for that of the trial court. This the law does not permit. See Sprinkle v. Sprinkle, 441 So.2d 974, 977 (Ala.Civ.App.1983).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.