RUSSELL, Judge.
Rita K. Tuggle (wife) appeals from an order of the trial court which divorced the parties and granted child support to the wife, but did not grant alimony to the wife or reserve the right to grant alimony to her. We affirm in part and reverse in part.
The dispositive issue is whether the trial court erred in not awarding alimony to the wife.
At the outset we note that the judgment of the trial' court is presumed correct after an ore tenus proceeding and will be set aside only when it is plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). The grant of alimony is also a matter resting in the sound discretion of the trial court, and the judgment of the trial court will be reversed only upon a showing of abuse of that discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). However, the trial court’s decision is subject to review and revision by this court. Kenchel v. Kenchel, 440 So.2d 567 (Ala.Civ.App.1983).
The factors to be considered in determining the amount of alimony to be awarded include “the earning ability of the parties, future prospects, age, health, duration of the marriage, accustomed standard of living, source, value and type of property and the conduct of the parties as related to the marriage.” Morgan v. Morgan, 402 So.2d 984, 989 (Ala.Civ.App.1981) (quoted with approval in Dowdy v. Dowdy, 473 So.2d 1091 (Ala.Civ.App.1985)).
The record reveals that the parties were married on October 7, 1972, and were divorced by the trial court after a marriage of almost eighteen years. There were two daughters born of the marriage, who are minors.
The wife was employed part-time as a substitute teacher for several years prior to the divorce, and in 1989 she earned $2,051. At the time of the divorce she was attending college and was not employed.
Charles Douglas Tuggle (husband) earned between $40,000 and $42,000 for the years 1987 through 1989. He had earned $24,520 for 1990 through July 8,1990. The husband testified that he would no longer be allowed to work overtime by his employer. He also stated that he was paying *1134 approximately $1,300 per month toward the debts of the family.
In its order the trial court granted each parent custody of one of the children, ordered that the husband pay $372.50 per month in child support to the wife, ordered the house sold and the equity divided between the parties, awarded the parties their respective automobile with the indebtedness on it, and ordered the husband to pay the debts of the marriage except for a special account to be paid by the wife.
The wife contends that the trial court erred in failing to grant alimony to her where the parties were married for eighteen years, the wife was unemployed, the husband earned over $40,000 per year, and there was uncontroverted testimony as to the husband’s alcoholism and adultery during the marriage.
The record indicates a great disparity in the demonstrated earning abilities of the parties. Although the wife was attempting to attend school so that she could increase her earning potential, she appears to need financial help to be able to do this. In fact, subsequent to the divorce, the wife returned the car awarded to her to the husband because she was unable to make the $206 monthly payment. The husband has basically been the breadwinner and the wife the homemaker during the eighteen years of the marriage. As to the conduct of the parties, it appears that the husband’s alcoholism and its accompanying behavior contributed to the breakdown of the marriage.
However, the husband claims that he has been ordered to pay $372.50 in child support and the debts of the marriage and that he can afford no more. The trial court apparently agreed with the husband. Although we find the situation to be unfortunate, in view of the debts of the marriage to be paid by the husband plus the child support to be paid to the wife, we cannot say that the trial court abused its discretion by not granting alimony at this time or that the trial court was plainly and palpably wrong. To do otherwise would be to substitute our judgment for that of the trial court, and this we cannot do. Kenchel, 440 So.2d 567.
However, we do find that the trial court erred in not reserving the right to award periodic alimony in the future, and we reverse on this ground. Id.; Parker v. Parker, 392 So.2d 229 (Ala.Civ.App.1980). We do so in view of the evidence, including the length of the marriage, the great disparity in the demonstrated earning abilities of the parties, and the fact that the debts of the marriage will be paid in the future.
Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded with instructions to enter an order consistent with this opinion.
The wife’s request for an attorney’s fee on appeal is granted in the amount of $500.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.