MONROE, Judge.
After 13 years of marriage, Portia Johnson Crenshaw, sued her husband, Reginald Cren-shaw, for divorce. The husband answered the complaint and counterclaimed for a divorce. Both parties sought custody of their children, ages 11 and 8.
The trial court held an ore tenus hearing on June 16, 1997. On August 14, 1997, it entered a judgment divorcing the parties on the ground of incompatibility. The court awarded custody of the children to the wife and awarded the husband standard visitation. The court divided the parties’ property and provided that the wife have possession of the marital home until the youngest child is 19 years old, at which time the home is to be sold and the equity divided equally between the wife and the husband. The court made the wife solely responsible for the home mortgage payment. The wife filed a post-judgment motion pursuant to Rule 59, Ala. R.Civ.P., claiming that the court’s award relating to the marital home was erroneous. The trial court denied the motion, and the wife appeals.
The only issue on appeal is whether the trial court erred in ordering that when *423 the youngest child reaches age 19 the marital home is to be sold and the equity divided equally between the parties even though the ■wife is solely responsible for making the home mortgage payments until that time.
Matters of property division are within the discretion of the trial court, and rulings on these matters will not be disturbed except for a palpable abuse of discretion. Ex parte Jackson, 567 So.2d 867 (Ala.1990); Kelley v. Kelley, 579 So.2d 1362 (Ala.Civ.App.1991). In reviewing a trial court’s judgment in a divorce ease based upon ore tenus evidence, this court is required to presume the judgment to be correct unless it is shown to be plainly and palpably wrong or unjust. Ex parte Jackson, 567 So.2d 867 (Ala.1990). Factors the court is to consider in dividing the parties’ property include the earning abilities of the parties; their future prospects; their ages and health; the duration of the marriage; the source, value, and type of the property; and the conduct of the parties. Corl v. Corl, 560 So.2d 774 (Ala.Civ.App.1990).
The trial court distributed the parties’ property and debts. It awarded the husband real property that had been deeded to him from his mother before the parties married. The court made the parties equally responsible for the $4,800 debt owed to the wife’s parents. Each party was awarded an automobile and was ordered to pay the indebtedness on it. The court awarded the wife 25% of the husband’s retirement fund and also awarded the husband 25% of the wife’s retirement fund. The court divided the household furnishings and made each party responsible for his or her own debt. The pertinent part of the court’s judgment relating to the marital home provides:
“8. With respect to the homeplace, due to the [wife’s] receiving primary residential custody, the [wife] is awarded possession of the homeplace. The [wife] shall pay the mortgage, insurance, and taxes due thereon and the [wife] and the [husband] shall share the cost of major repairs and upkeep equally. Once the youngest child reaches the age of 19, the parties shall sell the house and divide the proceeds equally. This possession is conditional upon the [wife’s] maintaining primary physical custody.”
The marital home was purchased in 1995 for $58,300. The parties borrowed $4,800 from the wife’s parents and used this sum as a down payment. The parties borrowed the remainder of the purchase price and secured the loan with a mortgage on the home; since 1995 they had made monthly payments of $584. The outstanding balance on the home is $52,700. The parties disagree as to the fair market value of the home.
The husband is employed as a coordinator of research at a community college. He has worked at the college for 19 years. His monthly gross income is $2,700. The wife is employed with the United States Customs Service. Her monthly gross income is $2,300. The wife testified that throughout the marriage the husband was abusive and that he had committed adultery. The husband testified that the wife had committed adultery. Each party denied the other’s allegations.
At trial, the parties agreed that the party receiving custody of the children should receive possession of the marital home. The mother testified that she wanted whoever received custody to be awarded the marital home and that he or she should “buy out” the other’s equity in the home. From the record, it appears that the trial court considered dividing the equity at the present time, because the court asked the father, in the event that the father was awarded custody, if there would be a problem with the trial court’s appointing an appraiser to value the property and with the father’s paying one half of the equity; the father answered that he did not have a problem with that.
This case is similar to Ledyard v. Ledyard, 46 Ala.App. 27, 237 So.2d 511 (1970). In Ledyard, the trial court awarded the mother possession of the marital home until the last child reached 21 years of age, married, or became self-supporting; thereupon, the court ordered, the home was to be sold and the proceeds from the sale divided equally between the parties. Id. At the time of the divorce, the youngest child was nine years *424 old. Id. This court reversed the trial court s judgment, stating:
“Unless the [husband] voluntarily contributes to the mortgage payments, the wife will have made payments of interest and principal for some twelve years by the time the youngest child reaches her majority. But [the wife] must make the payments herself in order to protect her possession, unless [the husband] is required to participate. We hold that [the husband] should be required to reimburse [the wife] in the amount of one-half of the mortgage payments paid by her since the date of the separation and that each of the parties should pay one-half of the installments hereafter accruing. Thereby, [the husband] will be paying one-half of the interest for the use of the home by his children, and that part of the principal paid by him will be returned upon the sale of the dwelling as ordered by the court.”
Ledyard, 46 Ala.App. at 29, 237 So.2d at 513 (1970).
What the trial court ordered in this case is similar to what the trial court did in Led-yard. The court here has made the mother solely responsible for the mortgage payments on the marital home until the youngest child reaches age 19. That child will be 19 years old in 11 years. The parties had purchased this home only two years before their divorce, and they have made monthly mortgage payments for only two years. The court not only awarded the father one half of the present equity in the home, but awarded him one half of the future equity, even though he is not responsible for any future payments.
The wife argues that by paying the mortgage payment for 11 years and then having to divide the equity equally would, in essence, be as if she was contributing to a savings account for the husband. She contends that the present equity in the home should have been determined and the father awarded one half of that amount, or, in the alternative, as the Court of Appeals directed in Ledyard, the father should be ordered to pay one half of the monthly mortgage payment. We agree.
The trial court equally divided the parties’ assets and debts. The court even gave each party a percentage of the other’s retirement. A division of property in a divorce proceeding does not have to be equal, but it should be equitable. Corl v. Corl, 560 So.2d 774 (Ala.Civ.App.1990). The court’s ordering the mother to make the mortgage payments for 11 years and then, upon the sale of the home, to divide the equity equally is not equitable and is not supported by the evidence.
That portion of the trial court’s judgment relating to the marital home is reversed and this ease is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ. concur.
CRAWLEY, J., dissents.