THOMPSON, Presiding Judge.
 

 Jacqueline George (“the wife”) filed a complaint seeking a divorce from Randy George (“the husband”). In her complaint, the wife alleged that the husband had committed adultery, and she sought, among other things, an equitable property division and an award of alimony. The husband answered and counterclaimed, also seeking, among other things, an equitable property division and an award of alimony.
 

 The trial court conducted an ore tenus hearing on March 7, 2007. Later, in response to correspondence sent to the trial court by the wife, the trial court conducted a second hearing. On July 2, 2007, the trial court entered a judgment divorcing the parties, fashioning a property division, and ordering the husband to pay the wife periodic alimony. On July 13, 2007, the trial court entered an order clarifying the periodic-alimony provision of the divorce judgment.
 

 The husband filed a postjudgment motion on July 25, 2007. On October 21, 2007, the trial court, apparently incorrectly concluding that the postjudgment motion had been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., denied the postjudgment motion, concluding that it was “moot.”
 
 [1]
 
 The husband timely appealed.
 

 The parties were married for 32 years. Two children were born of the parties’ marriage. One child was a minor at the time the wife filed her complaint, but that child had reached the age of majority in the same month in which the trial court entered the divorce judgment.
 

 The husband is disabled as a result of an injury he received in the military and as a result of a later on-the-job injury. The husband receives military-disability income in the amount of $2,400 per month, Social Security disability income in the amount of $1,057 per month, and retirement income from an employer in the amount of $214 per month. The husband’s total monthly income is $3,671. The wife is employed as a security guard, and she occasionally works as a substitute teacher. The wife’s average monthly income is approximately $1,063. The wife testified that she has had colon cancer and that she has diabetes and high blood pressure.
 

 The parties own a house and 2.8 acres of property on which the house is located. The wife testified that she and her family members began the construction of the house. The husband received a lump-sum settlement of a workers’ compensation claim, and it appears that the proceeds of that settlement were used to complete the construction of the house. The parties mortgaged the marital home several times, using the proceeds of subsequent mortgages to repay the previous mortgages. At the time of the March 7, 2007, hearing in this matter, the mortgage indebtedness on the marital home totaled approximately $188,400. The parties valued the marital home at $205,000.
 

 The wife insisted that she simply signed the mortgage papers but that she had no idea what the husband did with the proceeds of the mortgages. The husband disputed that testimony; he stated that he
 
 *182
 
 used the proceeds from the various mortgages to repay debts the parties had incurred for items such as furniture for the house.
 

 In 2008, the husband filed a petition for bankruptcy protection. The wife testified that she did not know about the bankruptcy proceeding until approximately three years after it had been filed. The husband disputed that he had not informed the wife of his intention to file for bankruptcy protection. According to the husband, the wife became very angry when he attempted to speak to her about their financial situation and that he decided to proceed with filing bankruptcy. It is undisputed that the parties’ substantial unsecured debt was obtained in the husband’s name and that the wife was not listed as an obligor on any of the unsecured debt that was subject to the bankruptcy proceeding. Pursuant to the plan instituted by the bankruptcy court, the husband was ordered to pay a monthly payment of $771 toward his debts; in addition, the husband was to pay $1,458 per month toward the mortgage indebtedness on the marital home.
 

 At the time of the March 7, 2007, hearing, the wife drove a Nissan truck that was free from indebtedness. The wife testified that she made monthly payments of approximately $170 per month for a vehicle driven by the parties’ youngest child, who was in college at the time of the parties’ divorce. The husband drove a vehicle that he valued at the time he filed his bankruptcy petition at $23,000; the bankruptcy petition indicated that that vehicle was subject to indebtedness of $19,950. The husband’s vehicle was one of the assets subject to the bankruptcy proceeding. The husband testified that he also made monthly contributions toward the support of the parties’ younger child.
 

 The wife had an account with Edward Jones, an investment company, with a balance of $22,258.24 at the time of the March 7, 2007, hearing. The wife testified that she received those funds after her former employer went out of business. The wife denied that the funds were from a retirement account; she insisted that the money had been a gift to her from her former employer. The wife had used funds from that account to pay some bills during the parties’ marriage and during the time the divorce action was pending in the trial court. The trial court found that the Edward Jones account was a marital asset.
 

 After the March 7, 2007, hearing, the wife sent a letter to the trial court stating that she was dissatisfied with the evidence she was allowed to present at the hearing and requesting that she be allowed an opportunity to provide additional evidence. The trial court conducted a second hearing on May 21, 2007, at which it allowed the wife to elaborate on some evidence she had presented in the first hearing. This court’s review of that evidence indicates that it was cumulative of the evidence presented at the original, March 7, 2007, hearing.
 

 In its July 2, 2007, divorce judgment, the trial court, among other things, awarded each party the vehicle in his or her possession and awarded the wife the Edward Jones account. The court awarded each party a one-half interest in the marital home, awarded the wife possession of the marital home, and ordered the husband to continue to make all the mortgage payments through the bankruptcy court. In addition, the trial court ordered the husband to pay the wife $300 per month in periodic alimony for a period of four years.
 

 During the hearing on the husband’s postjudgment motion, the trial court expressed an intention to suspend the husband’s periodic-alimony obligation for a pe
 
 *183
 
 riod of 20 months, which corresponded to the remaining length of time that the husband had to continue making the $771 monthly payments to the bankruptcy court. However, the trial court did not enter a postjudgment order modifying its divorce judgment.
 

 On appeal, the husband contends that the trial court erred in conducting the May 21, 2007, hearing. The husband contends that the trial court should not have considered additional evidence after the conclusion of the evidence in the March 7, 2007, hearing. However, the husband did not object before the trial court or argue to that court that the second hearing was improper. The husband may not raise this issue for the first time on appeal.
 
 Andrews v. Merritt Oil Co.,
 
 612 So.2d 409, 410 (Ala.1992) (“This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.”).
 

 The husband also contends that the judgment should be reversed based on the fact that the trial judge who determined this matter has been removed from office by the Court of the Judiciary. Specifically, the husband alleges that part of the trial judge’s defense before the Court of the Judiciary was that he suffered from diminished capacity. However, the husband did not file a motion pursuant to Rule 60(b), Ala. R. Civ. P., in the trial court seeking relief from the divorce judgment on the basis of a purported incapacity of the trial judge at the time of the entry of the divorce judgment.
 
 [2]
 
 A ruling on such a motion is necessary for appellate review of such an argument, because this court may not address an issue not presented to the trial court and raised for the first time on appeal.
 
 Andrews v. Merritt Oil Co.,
 
 612 So.2d at 410. Further, the husband has not identified any facts or made any allegations indicating that the trial judge was under any impairment when he ruled in this matter. We decline to reverse the divorce judgment based on this argument.
 

 The husband also contends that the trial court’s property division is inequitable and constitutes an abuse of discretion. The issues of property division and alimony must be considered together. “ ‘[A] property division and the [award of] periodic alimony are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either issue.’ ”
 
 Albertson v. Albertson,
 
 678 So.2d 118, 120 (Ala.Civ.App.1995) (quoting
 
 Montgomery v. Montgomery,
 
 519 So.2d 525, 526 (Ala.Civ.App.1987)).
 
 See also Ex parte Foley,
 
 864 So.2d 1094, 1097 (Ala.2003);
 
 Pate v. Pate,
 
 849 So.2d 972, 976 (Ala.Civ.App.2002); and
 
 Parrish v. Parrish,
 
 617 So.2d 1036 (Ala.Civ.App.1993). Factors the trial court should consider in its award of alimony and in its division of property include the earning ability of the parties; their ages and health; their station in life; the marital properties and their sources, values, and types; and the conduct of the parties in relation to the marriage.
 
 Robinson v. Robinson,
 
 795 So.2d 729 (Ala.Civ.App.2001). A division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court.
 
 Golden v. Golden,
 
 681 So.2d 605 (Ala.Civ.App.1996).
 

 
 *184
 
 At the time of the divorce judgment, both parties were 53 years old. The wife testified that she has health concerns including high blood pressure and diabetes. It is undisputed that the husband is disabled. The parties were married for 32 years. Although the wife alleged misconduct on the part of the husband, she presented no evidence substantiating that claim.
 

 The trial court awarded both parties a one-half interest in the marital home. However, it awarded the wife the sole right of possession of the marital home. In addition, the trial court awarded the parties’ only liquid asset, the $22,258.24 in the Edward Jones account, to the wife. The trial court, in effect, ordered the husband to be solely responsible for the debt accumulated during the parties’ marriage.
 

 We recognize that a property division pursuant to a divorce judgment does not have to be equal, only equitable.
 
 Golden v. Golden,
 
 supra;
 
 Crenshaw v. Crenshaw,
 
 717 So.2d 422, 424 (Ala.Civ.App.1998). In this case, however, we must conclude that the property division is inequitable. The divorce judgment requires the husband to continue the $771 payment to the bankruptcy court, to be solely responsible for the $1,458 per month mortgage payment, and to pay the wife $300 per month in periodic alimony. After making the payments required under the divorce judgment, the husband will have $1,142 per month with which to pay for housing and to support himself.
 
 [3]
 
 The wife’s total income after the divorce judgment will be her earnings of $1,063 per month, plus $300 per month in periodic alimony for the first four years, for a total of $1,363 per month. The wife will have no expense relating to her housing. There are no time limitations or conditions on the award to the wife of possession of the marital home or on the husband’s obligation to make the payments on the marital home, and the divorce judgment is silent on how or when the husband might benefit from his one-half interest in the marital home. Given the foregoing, we conclude that the property division so favors the wife as to render it inequitable. Accordingly, we reverse the trial court’s judgment and remand the cause to the trial court to reconsider the division of the parties’ marital property.
 

 REVERSED AND REMANDED.
 

 BRYAN, THOMAS, and MOORE, JJ., concur.
 

 PITTMAN, J., recuses himself.
 

 [1]
 

 . The husband's postjudgment motion would have been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., on October 23, 2007, the 90th day after the filing of the July 25, 2007, postjudgment motion.
 

 [2]
 

 . Also, the husband has not asked this court for permission to seek relief from the divorce judgment.
 
 See
 
 Rule 60(b), Ala. R. Civ. P. (permission of an appellate court is needed to file a Rule 60(b) motion seeking relief from a judgment if an appeal from that judgment is pending in the appellate court).
 

 [3]
 

 . The husband's total monthly income is $3,671. From that amount, the husband must pay $771 to the bankruptcy court, $1,458 for the mortgage indebtedness on the marital home, and $300 per month in periodic alimony, which leaves him a disposable income of $1,142 per month.